396 A.2d 375

COMMONWEALTH of Pennsylvania

v.

**David T. COCHRAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Dec. 22, 1978.

Abram Frank Reynolds, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal arises from the denial of appellant's most recent P.C.H.A. petition. The issue for our determination is whether the court below erred in dismissing the petition without a hearing. For the reasons that follow, we hold it did, and therefore vacate the order entered below and remand for further proceedings.

On May 22, 1971, appellant was arrested and charged with burglary, attempted burglary, larceny, and receiving stolen goods. A habeas corpus petition alleging violation of appellant's right to a speedy trial was denied on January 10, 1971, whereupon appellant filed a motion to suppress evidence. When the suppression motion was denied, appellant was tried before Judge STOUT without a jury, and convicted of burglary, attempted burglary, and larceny. Following the denial of post-trial motions, a sentence of three concurrent terms of ten to twenty years imprisonment was imposed. On direct appeal, we affirmed per curiam: *Commonwealth v. Cochran*, 225 Pa.Super. 710, 306 A.2d 337, *allocatur denied*, 225 Pa.Super. xliii (1973).

On June 12, 1973, appellant filed a *pro se* P.C.H.A. petition, which was denied by Judge STOUT without appointing counsel or holding an evidentiary hearing. We affirmed the denial of postconviction relief per curiam: *Commonwealth v. Cochran*, 231 Pa.Super. 705, 326 A.2d 534 (1974).

A second P.C.H.A. petition was filed on November 4, 1974, and counsel was appointed to represent appellant. After evidentiary hearings, relief was denied by Judge DOTY. Once again, we affirmed per curiam: *Commonwealth v. Cochran,* 238 Pa.Super. 736, 357 A.2d 224, *allocatur denied,* 238 Pa.Super. xxxix (1976).

On July 21, 1976, appellant filed a third P.C.H.A. petition *pro se.* With leave of court, this petition was amended and filed again, but Judge STOUT denied relief without a hearing. This appeal followed.

In his third P.C.H.A. petition, appellant indicated his eligibility for relief for the following reasons:

1) Unconstitutional suppression of evidence by the state, in the alteration and mutilation of the trial transcript, and the transcript of petitioner's second P.C.H.A. hearing;

2) Obstruction of the petitioner's right of appeal by the alteration and mutilation of transcripts;

3) Abridgement of a retroactive constitutional right, *viz,* appellant's right to be heard.

Appellant also alleged that he was unable to pay the costs of the proceedings and requested that counsel other than the staff of the Defenders' Office be appointed to represent him. After dismissal of the petition, counsel was appointed for this appeal, and raised the additional argument in his brief that P.C.H.A. counsel was ineffective.

We will not address the merits of appellant's claims on this appeal, nor determine the propriety of raising those issues before us at this time, for the court below erred in summarily dismissing the petition without appointing counsel. In *Commonwealth v. Blair,* 470 Pa. 598, 369 A.2d 1153 (1977), the Supreme Court, following prior case law, held that where a P.C.H.A. petitioner alleges indigency and requests appointment of counsel, the P.C.H.A. court is required to determine if he is indigent, and to appoint counsel if it so finds. The Court noted that the right of a trial court to dismiss an uncounselled P.C.H.A. petition under section 12 of the Act, if the claim is patently frivolous and without a

trace of support in the record, has been modified by Pa.R. Crim.P. 1503, which provides in part that the P.C.H.A. court must provide counsel on request upon the petitioner's showing of financial inability to obtain counsel. Rule 1504 states the only exception to the rule:

> Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

The facts of the case at hand do not fall within this exception. The record reveals that appellant's first petition in this case was dismissed without appointment of counsel or initiation of an evidentiary hearing. Additionally, although counsel was appointed for the second petition, there is no indication that counsel assisted in clarifying the facts and legal conclusions set forth in the petition. Furthermore, the transcript of the evidentiary hearing shows that the issues raised in that proceeding are not the same as the issues raised here. Consequently, even if we were to hold that the second P.C.H.A. petition included counselled proceedings, we could not say that the same issues have been finally determined adversely to this petitioner.

Accordingly, we must vacate the order of the court below and remand with instructions to afford appellant the opportunity to be represented by counsel in the filing of an amended P.C.H.A. petition and in any further proceedings thereon. *See Commonwealth v. Irons,* 254 Pa.Super. 251, 385 A.2d 1004 (1978); *Commonwealth v. King,* 253 Pa.Super. 224, 384 A.2d 1314 (1978).

Order vacated and case remanded for proceedings consistent with this opinion.

PRICE, J., concurs in the result.

CERCONE and VAN der VOORT, JJ., dissent.

240

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.