467 A.2d 886

**COMMONWEALTH of Pennsylvania**

v.

**Muhammad K. EL–AMIN, a/k/a Quintin A. Wigfall, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1983.

Filed Nov. 10, 1983.

James Lee Goldsmith, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, Muhammad K. El-Amin a/k/a Quintin A. Wigfall, takes this appeal from the dismissal without a hearing of appellant's second Post Conviction Hearing Act (PCHA) petition. Appellant now argues that the court erred in dismissing his petition without a hearing. We agree and, accordingly, we remand for a hearing.

On May 18, 1978, appellant pleaded guilty to charges of aggravated assault, recklessly endangering another person

and theft by receiving stolen goods. Pursuant to a plea agreement, appellant received a sentence of one and one-half to five years on the aggravated assault charge and two concurrent terms of one to two years on the remaining charges. No appeal was taken from these sentences.

Subsequently, on November 20, 1978, appellant filed a *pro se* PCHA petition, and the court appointed counsel to represent appellant in this matter. Whereupon, counsel filed an amended PCHA petition, but the court dismissed the petition without a hearing. An appeal was taken but was discontinued by appellant on March 14, 1980.

On March 20, 1981, appellant filed a second *pro se* PCHA petition. Court again appointed counsel to assist appellant, and counsel filed the herewith petition alleging then, as now, that appellant's first PCHA counsel was ineffective because counsel coerced appellant into dropping his appeal by telling appellant that he would receive a harsher penalty if his guilty plea were withdrawn and appellant were convicted at trial. The Commonwealth attempts to refute this argument, contending that it was appellant who initiated the discontinuance of his appeal by sending a letter to his attorney to that effect. The Commonwealth further claims that prior counsel contacted appellant to confirm the letter and as a result petitioned the Superior Court to discontinue the appeal. To substantiate its argument, the Commonwealth refers this Court to "Exhibit 1." The record, however, does not contain a copy of "Exhibit 1."

In relevant part, the Post Conviction Hearing Act then provided: [1]

> To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under section 5 and must prove the following:
>
> . . . . .
>
> (d) That the error resulting in his conviction and sentence has not been finally litigated or waived.

---

**1.** The Post Conviction Hearing Act has since been substantially reenacted by the Act of 1982, May 13, P.L. 417, No. 122, § 2, 42 Pa.C.S. § 9541 *et seq.* (1982).

The Act of January 25, 1966, P.L. (1965) 1580, § 3, 19 P.S. § 1180–3.[2]

Section 4 of the PCHA further stated, in pertinent part:
(a) For the purposes of this act, an issue is finally litigated if:
(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue, and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling. . . .
(b) For the purposes of this act, an issue is waived if:
(1) The petitioner knowingly and understandingly failed . to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act. . .

19 P.S. § 1180–4.[3]

The relevant portion of section 9 read:

If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

19 P.S. § 1180–9.[4]

 With regard to appellant's case, we first note that the issue of prior PCHA counsel effectiveness has not been finally litigated or waived since this second PCHA petition is the first time appellant could raise the issue. Whether appellant should have been allowed an evidentiary hearing,

**2.** 42 Pa.C.S. § 9543(4).

**3.** *Id.* at § 9544(a)(1), (b)(1).

**4.** *Id.* at § 9549(a), (b).

however, is a separate issue. The cases have held that a post-conviction claim of ineffective assistance of counsel does not require an evidentiary hearing absent allegation of facts sufficient to support such complaint. *Commonwealth v. Oliver*, 280 Pa.Superior Ct. 274, 421 A.2d 719 (1980). A review of appellant's PCHA petition and the Commonwealth's answer to the petition reveal a disputed issue of fact: to wit, whether it was appellant or his attorney who initiated the decision to withdraw the appeal, and what statements did counsel make in connection therewith. The Commonwealth contends that even if appellant's attorney told him that he would get a harsher sentence if he withdrew his plea, appellant has failed to show that counsel "misstated the facts."

Assuming *arguendo* that appellant's version of the facts is accurate, it thus comes down to the oft cited test of effectiveness of counsel—whether the course of action chosen by counsel was designed to best effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). The answer lies in the accuracy of counsel's advice, assuming that counsel did tell appellant that the withdrawal of his guilty plea would result in a greater sentence.

In the case of *Commonwealth v. Ward*, 493 Pa. 115, 425 A.2d 401 (1981) (plurality), it was ruled that where a guilty plea, which was entered pursuant to a plea agreement, is later withdrawn, the Commonwealth does not violate double jeopardy or due process when, on retrial, it reinstates charges that previously had been dropped under the now voided agreement.

Though not cited in the *Ward* opinion, the same result under similar facts was reached by this Court in *Commonwealth v. El*, 273 Pa.Superior Ct. 1, 416 A.2d 1058 (1979). Regarding the reinstatement of charges on remand, we wrote:

> The defendant successfully petitioned the lower court for permission to withdraw his guilty plea and he cannot now be heard to complain that a subsequent prosecution placed him in double jeopardy. The defendant should not

be permitted to benefit from his withdrawal of his guilty plea. If he is successful in withdrawing his guilty plea, there is no reason why he should not then face trial on the original charges as was done on this case.

*Id.*, 273 Pa.Superior Ct. at 9, 416 A.2d at 1063.

Neither *El* nor *Ward,* however, specifically addresses itself to a situation such as that presented by appellant's case, where no charges were dropped under the original plea agreement, and the Commonwealth in its brief does not cite any cases which make such a ruling.

Thus, while it may be a possibility, it does not appear to be a certainty that appellant would get a greater sentence if he withdrew his guilty plea and went to trial. Since the record does not reveal whether it was appellant who insisted upon discontinuing his appeal or whether appellant's prior counsel convinced appellant to do so on the basis of arguably erroneous legal advice, appellant's case must be remanded for a hearing on this matter.*

Remanded for a hearing. This court does not retain jurisdiction.

* Appellant also argues that his guilty plea was unlawfully induced. We do not address this issue because we find this to be an issue which should have been raised in appellant's first PCHA petition.