468 A.2d 1123

**COMMONWEALTH of Pennsylvania**

v.

**Robert HICKS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 3, 1983.

Filed Dec. 16, 1983.

Eláine G. DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before SPAETH, President Judge and HESTER and LIPEZ, JJ.

SPAETH, President Judge:

This appeal is from an order summarily dismissing appellant's petition under the Post Conviction Hearing Act

(PCHA).[1]  We vacate the order and remand for proceedings consistent with this opinion.

On February 13 and 14, 1973, appellant was tried before a judge sitting without a jury, and was found guilty of aggravated robbery and assault and battery.  Appellant's post-verdict motions were denied, and he was sentenced to 3 to 15 years in prison for aggravated robbery;  sentence for assault and battery was suspended.

Appellant appealed the judgment of sentence, alleging that he had been denied due process of law because the Commonwealth had failed to disclose to the defense that the victim would change his testimony at trial from that given at the preliminary hearing.  At the preliminary hearing the victim testified that appellant's co-defendant had attacked him while appellant stood by;  at trial the victim testified that appellant had attacked him while appellant's co-defendant stood by.  This court held that the prosecution had not contravened the standard set forth in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and affirmed the judgment of sentence.  *Commonwealth v. Hicks,* 228 Pa.Super. 76, 324 A.2d 397 (1974).

On January 14, 1981, appellant filed a *pro se* PCHA petition, requesting a new trial because his trial counsel had been ineffective.  Appellant alleged that counsel should have interviewed the victim or conducted discovery of the prosecution, or both, and that if he had, he would not have been surprised at trial by the victim's changed testimony, and his pre-trial and trial tactical decisions would have been different.  Appellant further alleged that he was without financial resources and requested that the trial court appoint an attorney to represent him.

By opinion and order dated June 2, 1981, the trial court denied appellant's petition without a hearing and without

1.  Act of January 25, 1966, P.L. (1965) 1580, No. 554, 19 P.S. § 1180–1 et seq., repealed and replaced by Act of May 13, 1982, P.L. 417, No. 122, 42 Pa.C.S. § 9541 et seq.

appointing counsel. The court stated that appellant's claim had been raised and disposed of on direct appeal, and further, that appellant's claim was without merit. It is from this order of June 2, 1981, that the present appeal arises.

■ Pennsylvania Rule of Criminal Procedure 1503(a) deals with the appointment of counsel in post-conviction proceedings. It provides:

(a) Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him. The court, on its own motion, shall appoint counsel to represent a petitioner whenever the interests of justice require it.

Rule 1504 provides:

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

Appellant did not fall within the exception provided in Rule 1504 because he had not filed a previous PCHA petition. *Commonwealth v. Finley*, 497 Pa. 332, 440 A.2d 1183 (1981); *Commonwealth v. O'Nealel*, 315 Pa.Super. 7, 461 A.2d 318 (1983). The trial court was therefore required by Rule 1503(a) to determine whether appellant was unable to procure counsel, and if satisfied that he was unable to, to appoint counsel to represent him.

■ It is true that Section 12 of the PCHA provided in relevant part that "[t]he appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without trace of support in the record as provided by Section 9 of the act." 19 P.S. § 1180–12. But to the extent that Section 12 was inconsistent with Rule 1503, it had been superseded. Pa.R.Crim.P. 1507. It was therefore of no significance that the trial court considered appellant's claim

to be without merit. "Counsel for a PCHA petitioner can more ably explore legal grounds for complaint, investigate underlying facts, articulate claims for relief and promote efficient administration of justice." *Commonwealth v. Finley*, 497 Pa. at 335, 440 A.2d at 1184. Nor did the appointment of counsel to represent appellant on appeal cure the trial court's error. For an inadequate PCHA petition can not be cured on appeal. Pa.R.App.P. 302(a) (issues not raised in lower court are waived and cannot be raised for first time on appeal). *Cf. Commonwealth v. Massie*, 294 Pa.Super. 115, 439 A.2d 777 (1982) (independent counsel on appeal is not an adequate substitute for independent counsel at evidentiary hearing).

The trial court having failed to comply with Rule 1503(a), its order will be vacated and the case remanded. If pursuant to Rule 1503(a) the court appoints counsel, appellant must be permitted to amend his petition with the aid of counsel before the court determines whether appellant is entitled to an evidentiary hearing on his petition. *Commonwealth v. O'Nealel, supra.*

The order of the trial court is vacated and the case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.