472 A.2d 698

**COMMONWEALTH of Pennsylvania**

v.

**James W. MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed March 2, 1984.

164

Judith A. Calkin, Harrisburg, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

James Miller was tried by jury and convicted of murder in the first degree. He was sentenced to serve a term of life imprisonment on January 2, 1970. The judgment of sentence was affirmed by the Supreme Court. See: *Commonwealth v. Miller*, 445 Pa. 282, 284 A.2d 739 (1971).

■ Miller then filed a pro se petition under the Post Conviction Hearing Act. Counsel was appointed, but he did nothing, and the petition was dismissed without hearing. For our purposes, therefore, the proceeding must be deemed uncounseled. See: *Commonwealth v. Barton*, 312 Pa.Super. 176, 180, 458 A.2d 571, 573–574 (1983); *Commonwealth v. Ollie*, 304 Pa.Super. 505, 508–509, 450 A.2d 1026, 1027–1028 (1982).

Miller next filed a pro se petition labelled "Petition for Habeas Corpus ad Testificandum." This was denied without hearing and without the appointment of counsel. The denial was affirmed by the Supreme Court without opinion in *Commonwealth v. Miller*, 469 Pa. 370, 365 A.2d 1251 (1976).

A third petition was filed and was followed by the appointment of counsel and the filing of an amended petition. The P.C.H.A. court dismissed the amended petition without a hearing, however, because, in its opinion, all issues had been waived. Again the Supreme Court affirmed without opinion. *Commonwealth v. Miller*, 474 Pa. 170, 377 A.2d 1268 (1977).[1]

Finally, Miller filed a fourth P.C.H.A. petition in the Court of Common Pleas of Dauphin County. Although the

---

1. This was followed by two unsuccessful petitions for habeas corpus in the federal courts.

petition contained a request for the appointment of counsel, the trial court dismissed the petition without appointment of counsel and without a hearing. On appeal to this Court we directed that counsel be appointed. Counsel was appointed and now requests that we remand to allow the filing of an amended petition. We are constrained to do so.

■ Pa.R.Crim.P. 1504 provides that post conviction petitions may be dismissed summarily without the appointment of counsel "when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon." See also: *Commonwealth v. Finley*, 497 Pa. 332, 440 A.2d 1183 (1981); *Commonwealth v. Hicks*, 321 Pa.Super. 545, 468 A.2d 1123 (1983); *Commonwealth v. Nole*, 319 Pa.Super. 593, 466 A.2d 703 (1983); *Commonwealth v. O'Nealel*, 315 Pa.Super. 1, 461 A.2d 318 (1983); *Commonwealth v. Barton, supra.* Moreover, a court cannot dismiss a petition summarily without appointment of counsel on grounds that the issues sought to be raised have been waived. See: *Commonwealth v. Minnick*, 436 Pa. 42, 45, 258 A.2d 515, 516–517 (1969); *Commonwealth v. Wallace*, 322 Pa.Super. 157, 159, 469 A.2d 230, 231 (1983); *Commonwealth v. Mawson*, 306 Pa.Super. 22, 23, 451 A.2d 1371, 1372 (1982).

■ In the uncounseled petition presently subject to review, appellant has made numerous averments that trial counsel was ineffective.[2] Some of the same averments appeared in one or more prior petitions. However, none was ever resolved on its merits in counseled proceedings. On the only occasion when appellant was represented by

---

**2.** These averments of ineffective assistance include the following:
(1) Counsel did not call alibi and other witnesses.
(2) Counsel did not object to the introduction of inflammatory photographs.
(3) Counsel did not object to improper remarks by the trial judge.
(4) Counsel had inadequate time to prepare.
(5) Counsel did not attempt to argue a lesser degree of murder.
(6) Counsel did not object to an improper identification procedure.

counsel, the trial court dismissed his petition on grounds of waiver. Since the court did not rule on the merits of the issues raised therein, none was finally determined within the meaning of Rule 1504. See: *Commonwealth v. McNeil,* 497 Pa. 187, 196 n. 3, 439 A.2d 664, 668 n. 3 (1981).

 Inasmuch as the issues raised in appellant's petition for post conviction relief have not been finally determined in prior, counseled proceedings, the trial court erred in dismissing the petition summarily without appointing counsel as appellant requested.

Reversed and remanded. Upon remand, appellant's counsel shall be permitted to file an amended P.C.H.A. petition. Jurisdiction is not retained meanwhile.