485 A.2d 487

**COMMONWEALTH of Pennsylvania**

v.

**George HUDSON, a/k/a George Kirby, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1984.

Filed Dec. 5, 1984.

175

Robert M. Fellheimer, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WIEAND and HESTER, JJ.

HESTER, Judge:

Appellant was convicted December 8, 1978 of simple assault, burglary, robbery and recklessly endangering another person. Following the denial of post-verdict motions, appellant was sentenced to a term of imprisonment of from 3 to 10 years. The court agreed to reconsider the sentence

and on March 7, 1979, the sentence was reduced to 11½ to 23 months to be followed by 10 years probation, a substantial reduction of the original sentence of from 3 to 10 years. Understandably, appellant did not appeal the reduced sentence.

He was paroled June 15, 1979, 100 days following sentence, receiving credit for time served. He was then arrested on January 9, 1980, for robbery, theft, simple assault, and other charges. The charges were dismissed when the complainant failed to appear. On November 20, 1980 he was arrested and charged with robbing a cab driver at gun point. He was convicted of this charge May 15, 1981. On November 18, 1981, a hearing was held wherein appellant was found to be in violation of his probation and was sentenced to from 10 to 20 years on the robbery count, and 10 to 20 years on the burglary count, to run concurrently. As Judge Caesar pointed out during the violation of probation hearing:

> Mr. Kirby, at 21 years of age, has a record of 22 juvenile arrests with 12 convictions. His first arrest was at the age of nine. These included robberies and committments (sic) to institutions on several occasions. As an adult, he had 17 arrests and five convictions. I note, of course, that he's been an adult only three years and he's spent the last year in jail.

N.T. pp. 41–42.

Appellant instituted post-conviction relief proceedings April 21, 1980, alleging he was denied the right to appeal his conviction and reduced sentence of 11½ to 23 months, that trial counsel was ineffective, and that certain witnesses should have been permitted to testify.

 At the time of his sentence, March 7, 1979, appellant had experienced considerable exposure to the criminal justice system including the right of appeal. It should be noted that appellant waited approximately 16 months from the time of his conviction in this case until he filed a petition for post-conviction relief. A lapse of time in filing a PCHA petition should be considered in assessing its merit. *Com-*

monwealth v. Alexander, 495 Pa. 26, 432 A.2d 182 (1981). "Appellant's prolonged silence here becomes deafening in light of the rights which the appellant claims he was denied." *Commonwealth v. Courts,* 315 Pa.Super. 124, 461 A.2d 828 (1983).

Moreover, this Court has recently stated that "[i]neffective assistance of counsel has become the last ditch ploy of defendants in criminal cases and should not be encouraged." *Commonwealth v. Alberts,* 285 Pa.Super. 10, 12, 426 A.2d 678, 679 (1981). This Court should not permit a defendant to couch his claims for post-conviction relief in terms of ineffective assistance of counsel in situations where it is clear that counsel provided reasonable and conscientious legal services.

In view of appellant's vast experience in the criminal justice system, 17 arrests and 5 convictions as an adult, 22 arrests, 12 convictions as a juvenile, and in view of the facts and circumstances appearing of record, it is clear that appellant was well aware of his appellate rights and did not instruct trial counsel to appeal his favorably reduced sentence.

Under § 1180–3 óf the Post Conviction Hearing Act, relief is granted upon proof of one or more statutory grounds. For example, post conviction relief will be granted where counsel was incompetent, 19 P.S. § 1180–3(c)(6), or where the petitioner's constitutional right to appeal the judgment of sentence was abridged. 19 P.S. § 1180–3(c)(12).

The petitioner for post conviction relief bears the burden of proving ineffectiveness of counsel; at no time does the burden shift to the Commonwealth to prove counsel competent. *Commonwealth v. Jones,* 324 Pa.Super. 359, 471 A.2d 879 (1984); *Commonwealth v. Bailey,* 322 Pa.Super. 249, 469 A.2d 604 (1983); *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978). Appellant does not argue that his constitutional appellate rights have been abridged; instead, he argues that counsel was ineffective for failing to appeal from the judgment of sentence.

Presented in this fashion, appellant must prove that he requested an appeal and that counsel disregarded the request.

During the post conviction hearing, appellant responded accordingly under cross-examination concerning counsel's failure to perfect an appeal from the judgment of sentence entered following resentencing:

Q. And you had a reconsideration [of sentence], isn't that correct?

A. Yes, I did.

Q. And you received eleven and a half to twenty three months?

A. Ten years probation.

Q. Did you ask your attorney to file an appeal regarding that sentence?

A. I never asked for reconsideration. I asked for appeal.

Q. But you never asked him to appeal that sentence when you were brought back and resentenced, is that correct?

A. Repeat that again?

Q. You said when you were originally sentenced to three to ten years you asked your attorney to file an appeal. He sent you a letter saying your sentence had been vacated and you would be resentenced. Is that correct?

A. Yes.

Q. And you were resentenced to eleven and a half to twenty-three months?

A. Yes.

Q. Any my statement is you never asked your attorney to appeal that sentence?

A. Yes.

(N.T., September 22, 1981, pp. 23–24). We recognize, of course, that appellant's final reply in the above passage may be interpreted as either an affirmation of the statement that he never asked counsel to appeal or a confirma-

tion that he did request an appeal. This ambiguity serves the Commonwealth and demonstrates that appellant did not prove that he directed counsel to appeal.

Trial counsel's testimony is similarly unclear. He had no recollection whether appellant instructed him to appeal. He merely assumed that he did not, since his file contained no memorandum directed to the Appeals Division of the Defender's Association.

■ Moreover, assuming arguendo that counsel refused to prosecute an appeal, appellant must prove that issues which could be raised on appeal had arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Counsel's refusal to file an appeal is not per se ineffectiveness.

With the exception of allegations that counsel was ineffective for not calling a defense witness and appellant to testify, appellant proposes no arguments which he would have raised on appeal. Inasmuch as these allegations are meritless, a refusal to file an appeal would not constitute ineffectiveness.

Appellant must prove that he and the defense witness could offer testimony helpful to the defense. *Commonwealth v. Bailey, supra; Commonwealth v. Helvy*, 278 Pa.Super. 458, 420 A.2d 631 (1980). A man called "Lucky" was allegedly playing "craps" with appellant and another man on a street nearby the Geneva Hotel where the crimes occurred. According to appellant, he and his companions disbanded when police approached. Appellant ran to Room 302 in the Hotel due to his belief that it was "Lucky's" room. Instead, he found the room to be occupied by the victim. Appellant contends that, if called to testify, "Lucky" could have confirmed the "crap" game and its sudden break-up at 2:15 a.m. Inasmuch as the crimes occurred at 2:30 a.m., appellant concludes that it was impossible for him to flee the "crap" game, burglarize Room 302, and then rob and assault Mr. Slade within a 15 minute period. "Lucky's" testimony would have supported this contention.

This does not prove "Lucky" helpful to the defense. Appellant admits to being inside Room 302 and confronting the victim; therefore, the occurrence of a "crap" game nearby is insignificant. Furthermore, the alleged "crap" game was in such proximity to the hotel that it could easily have terminated at 2:15 a.m., allowing sufficient time to run to Room 302 and complete the crimes by 2:30 a.m.

Counsel cited appellant's unsatisfactory responses to simulated cross-examination as grounds for his decision not to call him to testify. According to counsel, appellant's low credibility was harmful to the defense. This strategy provided a reasonable basis for his decision not to call appellant. Moreover, appellant fails to demonstrate how his testimony would be helpful. He merely asserts counsel's failure to call him as a witness as evidence of ineffectiveness.

Due to the fact that counsel was competent in not calling "Lucky" and appellant to testify, no claims of arguable merit could be raised on appeal. Therefore, assuming appellant made known his desire to appeal to counsel, there was no arguable merit to filing an appeal from the judgment of sentence.

Order affirmed.