485 A.2d 766

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**John F. NOLE, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 26, 1984.
Decided Dec. 28, 1984.

Eric B. Henson, Deputy Dist. Atty., Garold E. Tennis, Asst. Dist. Atty., for appellant.

Mitchell Scott Strutin, Philadelphia, for appellee.

## ORDER OF COURT

PER CURIAM.

The Court being equally divided, the Order of the Superior Court is affirmed.

McDERMOTT, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., filed an Opinion in Support of Affirmance in which NIX, C.J., and LARSEN, J., joined.

FLAHERTY, J., filed an Opinion in Support of Reversal in which HUTCHINSON and PAPADAKOS, JJ., joined.

## OPINION IN SUPPORT OF REVERSAL

FLAHERTY, Justice.

The trial court determined after reviewing the instant *pro se* petition that the issues presented in this, Nole's *third* petition under the Post Conviction Hearing Act, Act of May 13, 1982, P.L. 417, No. 122, § 2, 42 Pa.C.S.A. § 9541,

(hereinafter PCHA), had been either finally litigated or waived and thus were not cognizable under the Act and accordingly dismissed the petition. The Superior Court's order reverses the trial court's dismissal of this petition and remands for appointment of counsel to aid Nole. Nole's *pro se* petition raises two issues: "Petitioner's right to challenge the Grand Jury's Array" and "Denial of Due Process to be taken before a magistrate for arrignment [sic]." Petition Under the Post Conviction Hearing Act, *Comm. v. Nole,* p. 3.

Relying upon this Court's decision in *Commonwealth v. Finley,* 497 Pa. 332, 440 A.2d 1183 (1981), which interpreted Pennsylvania Rule of Criminal Procedure 1504, the Superior Court held that a "petition for post conviction relief may not be dismissed summarily without counsel unless a previous petition involving the same issue or issues has been finally determined adversely to the petitioner in a counselled proceeding or one in which he knowingly waived the right to counsel." *Commonwealth v. Nole,* 319 Pa.Superior Ct. 593, 466 A.2d 703 (1983).

Contrary to this interpretation of *Commonwealth v. Finley, supra,* by the Superior Court, that case merely reaffirmed the petitioner's right to counsel to aid in preparation of a *first* PCHA petition. With regard to multiple petitions under the PCHA, we would adopt the view set forth in my dissenting opinion in *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980) (Flaherty, J., dissenting). Under that analysis, the trial court properly dismissed this petition and, accordingly, we would reverse the order of the Superior Court.

In order to avoid the dismissal of this petition upon a determination of waiver and obtain PCHA review of these pre-trial issues, there must be viewed as implicit in the instant petition the allegation that the three previous counsel who represented Nole were ineffective because, were they not, the issue would not be deemed waived. However, in *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), this Court held that allegations of ineffective assist-

ance of counsel are to be raised at the first opportunity at which counsel, other than the attorney whose ineffectiveness is being alleged, represents the defendant. Accordingly, any allegation of ineffectiveness of trial counsel and the theories in support thereof, if not raised at that first opportunity, are to be deemed waived. However, under the majority opinion of *Watlington,* a PCHA petitioner, in order to obtain review of any allegation of trial or pre-trial error, need only allege that all preceding counsel were ineffective in failing to effectively preserve the issue for appellate review. Under the majority rule in *Watlington,* such an allegation constitutes "extraordinary circumstances" under the PCHA justifying the petitioner's failure to raise the issue in a timely fashion and thus the issue cannot be held to have been waived. If he files *pro se* and fails to properly frame the issue, an attorney will be appointed to amend the petition.

The proposition that later counsel's alleged ineffectiveness for failing to raise earlier counsel's ineffectiveness constitutes "extraordinary circumstances" warranting the review of yet a second and third petition under the Act is contrary to both the express intention of the legislature that a petitioner shall be entitled to only *one petition* under the PCHA and the requirement of *Commonwealth v. Hubbard, supra,* that ineffectiveness of trial counsel be raised at the earliest possible time. Section 9545(c) of the PCHA provides:

(c) **All available grounds to be set forth.**—Any person desiring to obtain relief under this subchapter shall set forth in the petition all of his then available grounds for such relief for any particular sentence he is currently serving and *he shall be entitled to only one petition for each crime.* The failure to raise any issue in the petition shall be deemed a waiver of any right to future presentation of another petition containing grounds for relief that were available and could have been presented.

42 Pa.C.S.A. § 9545(c) (emphasis added).*

> As expressed in the dissenting opinion in *Watlington:*
> [V]irtually *any* claim, no matter how insignificant, is
> cognizable on collateral review as long as that claim is
> cloaked with an allegation of ineffectiveness of counsel.
> No claim may be truly waived, nor may any criminal
> conviction become final, subsequent counsel may always
> generate new litigation by alleging the ineffectiveness of
> his predecessor.  The effects of such practice are ex-
> tremely serious:  it vitiates the waiver doctrine and pro-
> longs criminal litigation interminably.  More significantly,
> because the focus of the inquiry at PCHA is rarely
> relevant to the guilt or innocence of the defendant, public
> confidence in our criminal justice system has been under-
> cut.  Ignoring guilt or innocence not only invites scathing
> attacks on the judiciary and the entire judicial system,
> engendering cynicism and suspicion on the part of ordi-
> nary citizens, but completely misconstrues the purpose of
> the act ... to facilitate, in certain circumstances, addition-
> al review of convictions, not to fill the leisure hours of
> prisoners by permitting them to file endless post-convic-
> tion petitions.  In fact, as mentioned above, the act specif-
> ically provides that a petitioner is entitled to only *one*
> petition.

*Commonwealth v. Watlington, supra,* 491 Pa. at 250–251,
420 A.2d at 436.

The Post Conviction Hearing Act and the principles of
judgment finality require that we refocus our inquiry upon
the protections which must be advanced at the post convic-
tion stage.  As stated in the *Watlington* dissent:

> On subsequent PCHA petitions, our interest is to prevent
> the incarceration of innocent persons, not, as at earlier
> stages, to prevent law enforcement agencies from abus-
> ing their authority.  *Stone v. Powell,* 428 U.S. 465, 484–
> 496, 96 S.Ct. 3037, 3047–3053, 49 L.Ed.2d 1067 (1976), *reh.*

---

\* To the extent that Pa.R.Crim.P. 1504 departs from this provision of the
  PCHA, it must be viewed as contrary to and undermining the legisla-
  tive intention of the Act.

*denied,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). It may be that a person convicted of a crime has had several lawyers and that the performance of these lawyers was in some respect imperfect. But a criminal defendant is not entitled to a perfect trial and it seems likely that if the accused were to be represented by fifty lawyers, some aspect of the performance of each could be decried as "ineffective". Both the accused and society are entitled to a final determination, an end to the proceedings that will be opened only in the case of a colorable due process claim significantly implicating the truth determining process, which, were it unaddressed by the Court, could have the effect of imprisoning an *innocent* person.

*Id.,* 491 Pa. at 251–252, 420 A.2d at 437. In our view, therefore, the rule with regard to multiple filings of petitions under the PCHA which would accommodate that goal would be to "limit collateral review to claims (1) constituting a denial of due process or fundamental fairness that (2) significantly implicate the truth determining process" having the possible effect of imprisoning an *innocent* person. *Watlington, supra,* 491 Pa. at 251, 420 A.2d at 436.

It is apparent that the claims raised in this third petition, relating to a challenge to the grand jury array and a due process claim relating to the right to be taken before a magistrate for arraignment, do not "significantly implicate the truth determining process" such that there arises the possibility that an innocent person is imprisoned. The trial court properly dismissed the petition. The alternate view undermines the basic notions of finality of judgment; accordingly, we would reverse the order of the Superior Court.

McDERMOTT, J., did not participate in the consideration or decision of this case.

HUTCHINSON and PAPADAKOS, JJ., join this Opinion in Support of Reversal.

438

## OPINION IN SUPPORT OF AFFIRMANCE

ZAPPALA, Justice.

I would affirm on the basis of the Superior Court opinion.

McDERMOTT, J., did not participate in the consideration or decision of this case.

NIX, C.J., and LARSEN, J., join this Opinion in Support of Affirmance.