509 A.2d 364

**COMMONWEALTH of Pennsylvania**

v.

**William FULLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 15, 1986.

Filed May 5, 1986.

Paul Bogdon, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, OLSZEWSKI and KELLY, JJ.

KELLY, Judge:

Appellant, William Fuller, appeals from the order of the Court of Common Pleas of Allegheny County, Pennsylvania, Criminal Division, dated May 17, 1985 which denied appellant's second Post Conviction Hearing Act petition

without a hearing. We affirm the decision of the lower court.

On October 25, 1978, William Fuller was found guilty by jury of Robbery, Theft and Conspiracy. His motion in arrest of judgment was denied, and he was sentenced to undergo imprisonment of not less than eight (8) years or more than sixteen (16) years. A direct appeal was taken to the Superior Court of Pennsylvania in which appellant challenged the sufficiency of the evidence adduced at trial. The Superior Court affirmed the judgment of sentence. A petition for allowance of appeal to the Supreme Court of Pennsylvania was denied. Subsequently, appellant filed a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania, which was dismissed on September 17, 1981. Appellant was represented at trial by private counsel and on direct appeal by the Office of the Public Defender of Allegheny County.

In December, 1981, appellant filed his first Post Conviction Hearing Act petition. Subsequently, counsel was appointed, and filed an amended petition. Relief was denied without a hearing. On appeal, the Superior Court affirmed (No. 686 Pittsburgh, 1982) and the Supreme Court denied allocatur. (No. 304 Allocatur Docket, 1983).

Appellant filed his second Post Conviction Hearing Act petition in January, 1985. Private counsel was appointed to represent the petitioner. A motion to amend petitioner's second PCHA petition was filed in March, 1985. Appellant's claims ranged from ineffectiveness of trial and post-trial counsel to trial court abuse of discretion. Relief was denied without a hearing by Order dated May 17, 1985. It is this Order which is the subject of the within appeal.

The Post Conviction Hearing Act specifically provides:

.    .    .    .    .

(b) Issues waived.—For the purposes of this subchapter an issue is waived if:

1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial,

at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted or in prior proceeding actually initiated under this subchapter. 2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

(c) Presumption.—There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

42 Pa.C.S.A. § 9544(b), (c) (1982). *See also Commonwealth v. Klinger,* 323 Pa.Super. 181, 470 A.2d 540 (1983). For example, it is firmly settled that "[i]neffectiveness of prior counsel must be raised at the earliest stage in proceedings at which counsel whose ineffectiveness is being challenged no longer represents the accused." *Commonwealth v. Hubbard,* 472 Pa. 259, 276–77 n. 8, 372 A.2d 687, 695 n. 6 (1977). Thus, there is a followed standard that a failure to raise an issue at "the earliest [possible] stage in proceedings" shall be a knowing and understanding failure; 42 Pa.C.S.A. § 9544(c). Further, it is well settled that a petitioner will be denied post-conviction relief if the issue upon which he bases his claim has been finally litigated. *See e.g. Commonwealth v. McKenna,* 498 Pa. 416, 446 A.2d 1274 (1982).

An issue is deemed to have been finally litigated if the trial court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to appeal the ruling. 42 Pa.C.S.A. § 9544(a)(1). However, an issue will not be deemed to have been finally litigated where a defendant has been represented by ineffective counsel. *Commonwealth v. Klinger, supra; Commonwealth v. Smallwood,* 497 Pa. 476, 442 A.2d 222 (1982). The burden of showing that an issue has not been finally litigated rests on the petitioner. 42 Pa.C.S.A. § 9543(4). *Commonwealth v. Jackson,* 494 Pa. 457, 431 A.2d 944 (1981).

If the post-conviction petition raises issues which are nothing more than rephrased issues previously disposed of on direct appeal, they are deemed to have been finally

litigated.  *Commonwealth v. Morales*, 485 Pa. 228, 401
A.2d 742 (1979);  *Commonwealth v. Toledo*, 230 Pa.Super.
447, 331 A.2d 888 (1975).  In *Commonwealth v. Slavik*, 449
Pa. 424, 427–428, 297 A.2d 920, 922 (1972), the Supreme
Court wrote:

> In the present PCHA petition one of the issues on which
> Slavik based his claim for relief was the invalidity of the
> guilty plea—the same question decided adversely to him
> on direct appeal.  However, in this petition Slavik urged a
> *new theory* to support his previously presented and liti-
> gated claim that his plea was constitutionally infirm.
> *A defendant is not entitled to relitigate the validity of
> his plea every time he offers a new theory of argument
> which he had not previously advanced.*

(Emphasis added.)  *See also Commonwealth v. Orr*, 450
Pa. 632, 301 A.2d 608 (1973).

Though in the instant petition appellant has raised four-
teen issues, only thirteen issues have been addressed in
appellant's brief.[1]  These issues relate to alleged trial court
errors, and to alleged ineffectiveness of trial, appellate and

---

1.  Counsel for appellant has chosen to follow in general terms issues 1
through 11 as set out in appellant's pro se petition, that petition being
appellant's second to be filed under the post conviction hearing act.
Counsel has further chosen to substitute in appellant's brief two issues
for issues 12 through 14 as stated in said petition;  thereby explaining
why appellant's petition raises fourteen issues whereas his brief raises
only thirteen.

Upon review of the issues, issue 12 of appellant's petition refers to
alleged ineffectiveness of appellate (direct appeal) counsel.  Issue 13
claims ineffectiveness of trial counsel and appellate counsel in their
alleged failure to raise certain facts which appellant avers would have
been helpful to his cause.  Issue 14 further alleges ineffectiveness of
appellate counsel for failing to raise ineffectiveness of trial counsel in
that said appellate counsel suggested to appellant that the issues were
meritless and that he should leave legal matters to his counsel.

Appellant failed in these issues to raise the ineffectiveness of "all
preceding counsel" as required in *Nole, supra*, in that the ineffective-
ness of first PCHA counsel was never at issue.  Therefore, the issues
have been waived and are not properly raised before this Court.
Issues on sufficiency of the evidence have been finally litigated on
direct appeal, and general allegations of ineffectiveness are insuffi-
cient.  Clearly, raising these issues before this Court, when viewed on
their merits, would have carried no weight and would have in no way
affected our decision in this matter.

first PCHA counsel.[2] However, as we have stated in *Hubbard, supra,* ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which

**2.** Specifically, those issues raised in appellant's brief are as follows: 1) Trial counsel was ineffective in its failure to object to the constant usage and references by the prosecutor of the issues relating to the exhibits taken from Appellant's co-defendant in the crime as such references imposed guilt upon Appellant by association; 2) Trial counsel was ineffective in his constant referral to information and exhibits which were stated to have been taken from the possession of Appellant's co-defendant causing Appellant to be prejudiced by his being considered guilty by association with co-defendant; 3) Appeal counsel and first PCHA counsel were ineffective in not raising the ineffectiveness of trial counsel on appeal or in the first PCHA Petition; 4) It was error for the Court below to admit Exhibits 2–10 as evidence in Appellant's case when after the Commonwealth rested its case, no testimony or evidence had been presented by the Commonwealth indicating or linking these exhibits to Appellant or his being in possession thereof; 5) The trial court was in error in not granting trial counsel's motion for demurrer as to the charge of robbery, theft by unlawful taking, and conspiracy since the evidence at the time did not amount to proof beyond a reasonable doubt of Appellant's guilt of these charges; 6) Trial court erred in its failure to grant Appellant's demurrer *sua sponte* as to the charge of robbery, theft by unlawful taking and conspiracy when after the Commonwealth rested its case no evidence of testimony had been presented which amounted to guilt beyond a reasonable doubt of Appellant of the three crimes charged; 7) The Court was in error in its charge to the jury in that the charge indicated that Appellant's guilt to be based only on circumstantial evidence when the law holds that such evidence by itself is not enough to convict the party when other factors tend to make the circumstantial evidence questionable and in not giving curative instructions as to the sufficiency of the evidence illustrating that Appellant must be acquitted if the jury was convinced beyond a reasonable doubt that the evidence, although circumstantial, was questionable in order to convict Appellant of the crimes; 8) Trial counsel was ineffective for its [sic] failure to object to the instruction to the jury that they could convict Appellant solely upon circumstantial evidence when the evidence at trial was produced in the form of testimony which place the circumstantial evidence in question; and further for its [sic] failure to raise the Court's failure to give such an instruction as to the issue relating to circumstantial evidence; 9) Trial counsel was ineffective for failure to allow Appellant to take the stand at the trial in his own behalf after Appellant requested to do so; 10) Appeal counsel was ineffective for failure to completely present Appellant's case as it pertained to sufficiency of the evidence; 11) Failure by trial counsel to request the charge to the jury that the crime of robbery is a felony defined by degree and as such may be rightly determined by the jury; 12) Trial counsel was ineffective for failure to file a motion for reconsideration of sentence; and 13) Trial Court erred in failing to state on the record its reasoning for imposing the sentence.

the counsel whose ineffectiveness is being challenged no longer represents the defendant. *See also Commonwealth v. Harper,* 292 Pa.Super. 192, 436 A.2d 1217 (1981). In the instant case, all issues raised by appellant have been or should have been previously raised, either on direct appeal to the Superior and Supreme Courts of the Commonwealth or on the filing of appellant's first PCHA petition. It is therefore improper to raise those issues here.

The only extraordinary circumstance which would justify the non-waiver of all the issues presented by second PCHA counsel in the instant petition would be to couch these issues in such terms as to reveal the ineffectiveness of first PCHA counsel, direct appeal counsel and trial counsel. Here, ineffectiveness of the first PCHA counsel for not raising in the first PCHA petition those issues now raised in the second PCHA petition has not been specifically pleaded.

As the Pennsylvania Supreme Court stated in *Commonwealth v. Nole,* 506 Pa. 432, 434, 485 A.2d 766, 767 (1984):

> In order to avoid the dismissal of this petition upon a determination of waiver and obtain PCHA review of these pre-trial issues, there must be viewed as implicit in the instant petition the allegation that the three previous counsel who represented Nole were ineffective because, were they not, the issue would not be deemed waived. However, in *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), this Court held that allegations of ineffective counsel are to be raised at the first opportunity at which counsel, other than the attorney whose ineffectiveness is being alleged, represents the defendant. Accordingly, an allegation of ineffectiveness of trial counsel and the theories in support thereof, if not raised at the first opportunity, are to be deemed waived. However, under the majority opinion of *Watlington* [3], a PCHA petitioner, in order to obtain review of any allegation of trial or pre-trial error, need only allege that *all preceding*

---

3. *Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980).

*counsel* were ineffective in failing to effectively preserve the issue for appellate review. (Emphasis added).

Here, issues at numbered paragraphs 1, 2, 8, 9, 11 and 12 involve the ineffectiveness of trial counsel. These issues are not now proper for review if appellant has neglected to entertain the issues at the "earliest opportunity". The "earliest opportunity" in this instance would have been within appellant's first PCHA petition. Because the instant petition is the second to be filed requesting post-conviction relief and not the first, the *Hubbard* criteria prevents appellant from now raising issues of trial counsel's ineffectiveness. Such issues have either been waived or finally litigated.

Issues at numbered paragraphs 4, 5, 6, 7 and 13 of appellant's petition involve alleged error of trial court. Appellant's appeal to the Superior Court challenged the sufficiency of evidence adduced at trial. On that occasion this Court affirmed. Any issue concerning the trial court now raised by appellant, even if not finally litigated, must be considered waived based on *Hubbard*. Therefore, all such issues concerning the error of trial court have been either waived or finally litigated and cannot be reassessed at present. *See Hubbard, supra; McKenna, supra.*

This leaves two issues, at paragraphs 3 and 10. These remaining issues appear on their face to meet the "earliest possible opportunity" test of *Hubbard* and require closer scrutiny. Paragraph 3 states: "Appeal counsel and first PCHA counsel were ineffective in not raising the ineffectiveness of trial counsel on appeal or in the first PCHA petition" (Appellant's brief p. 11). Upon review of the record, we find that appellant's appellate counsel and first PCHA counsel were not one in the same. Therefore, to preserve the issue of ineffective appellate counsel on appeal, the issue must have been raised in the first PCHA petition, which would have been the "earliest opportunity" to raise such issue. Appellate counsel ineffectiveness was

not so raised by first PCHA counsel and is thus considered waived.

■ Additionally, appellant argued in his numbered paragraph 3 that first PCHA counsel was ineffective for not raising the ineffectiveness of trial counsel in the first PCHA petition. However, upon review of the record we find that this issue of ineffectiveness of trial counsel was in fact raised by first PCHA counsel. The issue is clearly noted in appellant's first PCHA petition and further discussed in its supporting facts. Appellant stated in his first petition, "[t]rial counsel was certainly ineffective for not moving to dismiss this criminal information prior to trial". (PCHA petition of November, 1981; supported on p. 3). Relief under this first petition was denied by the Court. Therefore, this issue has been finally litigated. *McKenna, supra.* A mere claim of general ineffectiveness is not sufficient. Proof of such ineffectiveness must be offered. "Assertions of ineffectiveness in a vacuum cannot be ineffectiveness." *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). Here, appellant has only provided a general claim of ineffectiveness. Therefore, we need not further consider this issue.

Finally, paragraph 10 of appellant's argument in support of relief under his second PCHA petition states that "[a]ppeal counsel was ineffective for failure to completely present appellant's case as it pertained to sufficiency of the evidence." (Appellant's brief, p. 12). As in our discussion pertaining to paragraph 3, an issue relating to the ineffectiveness of appeal counsel is properly raised in the first PCHA petition, that petition being the first opportunity to raise such issue. Because it was not raised in the original petition in this case the issue is deemed waived. *Hubbard, supra.*

For an issue to be properly raised in this second petition, appellant would be required to raise the ineffectiveness of first PCHA counsel for failing to raise the ineffectiveness of appellate counsel, and so on, listing all preceding counsel as ineffective and thereby avoiding dismissal of the particu-

lar issue upon a determination of waiver. *Nole, supra.* Appellant failed to do so and has failed to raise any new claim against prior counsel and as a result has failed to raise any issue which has not already been waived or finally litigated. Due to appellant's failure to allege extraordinary circumstances justifying his failure to raise such issues, appellant's post-conviction hearing act petition was properly denied.

AFFIRMED.