512 A.2d 1238

**COMMONWEALTH of Pennsylvania**

v.

**Curtis SAWYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 15, 1986.

Filed July 16, 1986.

Curtis Sawyer, in propria persona.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, OLSZEWSKI and KELLY, JJ.

KELLY, Judge:

Defendant-appellant Curtis Sawyer appeals from Orders denying his petition filed under the Post Conviction Hearing

Act[1] (PCHA) and denying his motion for recusal. The court below denied the petition without appointment of counsel or a hearing. For the reasons stated below, we vacate the Order denying the PCHA petition and remand for appointment of counsel. The Order denying appellant's recusal motion is affirmed.

The procedural history of this case is difficult to follow but necessary for resolution of the issues. Following a bench trial before the Honorable Samuel Strauss the appellant was convicted of burglary,[2] receiving stolen property,[3] and criminal conspiracy.[4] Post-trial motions were denied, and the defendant appealed. Appellant was represented by newly-appointed counsel, who raised several issues relating to trial counsel's effectiveness. While appellant's appeal was pending before the Superior Court, he filed a *pro se* PCHA petition, alleging only after-discovered evidence. Two weeks later, he notified the lower court by letter that he wished to withdraw this petition. Subsequently, the Superior Court entered an Order remanding appellant's direct appeal for a hearing in the lower court on the ineffectiveness of counsel claim. Prior to the hearing, the Commonwealth filed a brief in the lower court, addressing both the ineffectiveness of counsel and the after-discovered evidence claims. At the evidentiary hearing, the sole issue addressed was the alleged ineffectiveness of trial counsel, which was the issue raised on direct appeal. Although the after-discovered evidence claim raised in the PCHA petition was not mentioned during the evidentiary hearing, the lower court referred to the proceedings, in open court, as a "post-conviction hearing."[5] Several months later, the lower court filed an Opinion and Order. The Opinion addressed only the ineffectiveness issues, but concluded with an Order

1. 42 Pa.C.S.A. § 9541 et seq.
2. 18 Pa.C.S.A. § 3502.
3. 18 Pa.C.S.A. § 3925.
4. 18 Pa.C.S.A. § 903.
5. N.T. 7/3/80, p. 4.

stating that appellant's PCHA petition was denied. The record was then transferred back to the Superior Court, which affirmed the order. Nearly two years later, appellant filed his current PCHA petition. The appellant, acting *pro se*, alleged several ineffectiveness issues which had not been raised in the previous appeal. In the petition, appellant claimed that he was indigent, and requested that counsel be appointed to represent him. The appellant also filed a *pro se* motion requesting that Judge Strauss recuse himself from the case. Both the PCHA petition and the recusal motion were denied, without appointment of counsel. In support of its denial, the lower court cited an earlier order, where it had referred to the evidentiary hearing as a hearing on appellant's PCHA petition.[6] The court further stated that, "[u]nder the Post Conviction Hearing Act, you have but one opportunity to file for relief ... [T]herefore, his application is denied." (Order of 2/3/83). Appellant then filed the instant appeal.[7]

The first issue which we must resolve is whether the court below properly denied appellant's PCHA petition, without appointment of counsel or an evidentiary hearing. The applicable provision of the PCHA, 42 Pa.C.S.A. § 9551, provides:

§ 9551, Pauper petitions.

(a) General rule.—If the petition alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to the petitioner.

(b) Appointment of counsel.—If the petitioner is without counsel and alleges that he is without means to pro-

6. The lower court stated that it had denied appellant's request to withdraw the earlier PCHA petition. Appellant claims that he never received word that his request was denied. No Order denying the request is contained in the Record.

7. After filing the instant appeal, appellant filed a petition for appointment of counsel in this Court. This petition was referred to the lower court for disposition. One day later, the lower court denied the petition without a hearing. Appellant therefore continues to proceed *pro se* in this appeal.

cure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested and the court is of the opinion that a hearing on the petition is so required, the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel. *The appointment of counsel shall not be required if the petitioner's claim is patently frivolous and without trace of support in the record....*

(Emphasis added). Thus, under the provisions of the Act, the lower court may deny counsel if the petition presents an obviously meritless claim. The Act conflicts, however, with Rules 1503 and 1504 of the Pennsylvania Rules of Criminal Procedure, which provide in part:

Rule 1503. Appointment of counsel.

(a) Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him.

Rule 1504. Summary dispositions.

*Appointment of counsel shall not be necessary* and petitions may be disposed of summarily *when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner* and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

(Emphasis added). In short, according to the Rules, counsel must be appointed unless the court determines that the issues raised have been previously litigated. The conflict between Section 9551 and Rule 1504 is resolved by Rule of Criminal Procedure 1507, which provided that the Post-Conviction Hearing Act is suspended insofar as it is inconsistent with the Rules. Our courts have previously held that the necessary factors listed in Rule 1504 prevail over those set forth in Section 9551, and that a *pro se* petition for post-conviction relief may not be summarily dismissed unless "a previous petition involving the same issue or issues has

been finally determined adversely to the petitioner" in a counseled proceeding or one which he knowingly waived his right to assistance of counsel. *Commonwealth v. Finley,* 497 Pa. 332, 334, n. 1, 440 A.2d 1183, 1184, n. 1 (1981); *Commonwealth v. O'Nealel,* 315 Pa.Super. 1, 6, 461 A.2d 318, 320 (1983). The proper procedure is for the trial judge to make a determination as to the indigency of the petitioner, and, if petitioner is found to be indigent, the trial judge should appoint counsel to assist in the preparation of an amended petition under the Act. *Commonwealth v. Finley, supra; Commonwealth v. Adams,* 465 Pa. 389, 350 A.2d 820 (1976). "It is not determinative that the issues raised in the *pro se* petition were considered by the court to lack arguable merit. Only after counsel has had an opportunity to review and amend the petition should a decision be made as to whether to grant a hearing." *Commonwealth v. O'Nealel,* 315 Pa.Super. 1, 6, 461 A.2d 318, 320–321 (1983). The failure to appoint counsel for a petitioner who alleges indigency is reversible error, where the issues raised have not been previously decided in a counseled proceeding. *See Commonwealth v. Davis,* 328 Pa.Super. 321, 476 A.2d 1351 (1984); *Commonwealth v. Hicks,* 321 Pa.Super. 545, 468 A.2d 1123 (1983); *Commonwealth v. Nole,* 319 Pa.Super. 593, 466 A.2d 703 (1983), *aff'd. per curiam,* 506 Pa. 432, 485 A.2d 766 (1984). Reversal for failure to appoint counsel is necessary regardless of whether the current petition is appellant's first or is one of a number of petitions. *See Commonwealth v. Miller,* 325 Pa.Super. 163, 472 A.2d 698 (1984); *Commonwealth v. Cochran,* 261 Pa. Super. 236, 396 A.2d 375 (1978).

█ On appeal, the Commonwealth asserts that the current petition is appellant's second PCHA petition. The Commonwealth further argues that, since appellant previously raised allegations of ineffectiveness in his direct appeal, "the general issue of ineffectiveness has been finally litigated" (Commonwealth's brief at 11), and counsel therefore need not be appointed. We disagree. A petitioner alleging ineffectiveness of counsel is not barred from seeking relief under the Act merely because he has previously

unsuccessfully asserted an ineffectiveness claim, so long as the specific allegation of ineffectiveness has not previously been litigated. *See for example, Commonwealth v. Watlington,* 491 Pa. 241, 420 A.2d 431 (1980).

In summary, the lower court erred in denying appellant's petition without first determining whether counsel should be appointed. We therefore vacate the Order denying the petition and remand to the court below. The trial court shall determine whether appellant is unable to procure counsel, and shall appoint counsel if necessary. If the court appoints counsel, appellant must be permitted to amend his petition with the aid of counsel before the court determines whether appellant is entitled to an evidentiary hearing on his petition.

 One further issue remains. Appellant also appealed from the Order denying his motion to recuse the trial judge from considering the petition. A party alleging that the judge should have been disqualified must produce some evidence of the necessity for that disqualification, in order to prevail on appeal from an order denying a recusal motion. *Commonwealth v. Perry,* 468 Pa. 515, 364 A.2d 312 (1976); *Commonwealth v. Baker,* 299 Pa.Super. 241, 445 A.2d 544 (1982). In the instant case, appellant's affidavit in support of the recusal motion contained only general allegations that the judge had made previous rulings adverse to the appellant, and was therefore somehow biased against him. These vague and patently frivolous assertions are not sufficient to support a claim of bias or prejudice. *See Commonwealth v. Council,* 491 Pa. 434, 421 A.2d 623 (1980); *Commonwealth v. Baker,* 299 Pa.Super. 241, 445 A.2d 544 (1982). The Order denying appellant's recusal motion is therefore affirmed.

The Order denying appellant's PCHA petition is vacated and the case is remanded for appointment of counsel. The Order denying the recusal motion is affirmed. Jurisdiction relinquished.

CAVANAUGH, J., joins in this opinion.

OLSZEWSKI, J., files a concurring opinion.

OLSZEWSKI, Judge, concurring:

Although I heartily join Judge Kelly's decision affirming the lower court's denial of the recusal motion, I am, however, reluctant to concur with his decision to remand this case for a determination of appellant's indigence. If it were not for appellant's claim of "layered" ineffectiveness of counsel, I would be compelled to affirm the trial court decision since it appears that the arguments raised in the present PCHA petition were either finally litigated or waived with respect to trial counsel's representation. 42 Pa.C.S.A. Sec. 9541 et seq.; Pa.R.Crim.P. 1501 et seq.; *see also, Commonwealth v. El-Amin*, 321 Pa.Super. 46, 467 A.2d 886 (1983) (Cercone, P.J.). Moreover, those issues of trial counsel's ineffectiveness which were not raised by his then newly appointed appellate counsel are deemed waived. *Commonwealth v. Thomas*, 335 Pa.Super. 323, 484 A.2d 155 (1984).

I, as well as this Court, look with disapproval upon a defendant's efforts to obtain relief from criminal convictions by abusing ineffective assistance of counsel claims where counsel clearly has provided reasonable and conscientious legal services. *Commonwealth v. Hudson*, 336 Pa.Super. 174, 485 A.2d 487 (1984).