J-S45033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                             :               PENNSYLVANIA
                                               :
              v.                                :
                                               :
RODNEY WELLS                            :
                                               :
               Appellant               :       No. 2213 EDA 2019

Appeal from the PCRA Order Entered July 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0734932-1985

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:             **FILED OCTOBER 27, 2020**

Rodney Wells (Appellant) appeals *pro se* from the order dismissing his fourth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA). *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In November 1983, the Commonwealth charged Appellant with third-degree murder, aggravated assault, criminal conspiracy, and possessing instruments of crime.[1]  A grand jury (GJ) investigation was conducted into Appellant's crimes and alleged association with a drug trafficking and racketeering organization in Philadelphia.[2]  The GJ issued a sealed recommendation and presentment, and in July 1985, the Commonwealth

_____

[1] *See* 18 Pa.C.S.A. §§ 2502(c), 2702(a), 903, 907.

[2] The underlying facts are not relevant to this appeal.

charged Appellant with violating Pennsylvania's Corrupt Organizations Act, 18 Pa.C.S.A. § 911 ("corrupt organization").

The matter proceeded to a jury trial in March 1986, after which Appellant was convicted of all counts. The trial court sentenced Appellant to a mandatory term of life in prison, plus 5 to 10 years. This Court affirmed the judgment of sentence in May 1988, after which the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Wells*, 579 A.2d 421 (Pa. Super. 1990) (unpublished memorandum), *appeal denied*, 592 A.2d 44 (Pa. 1990).

In the following years, Appellant filed three PCRA petitions, all of which were dismissed; the dismissals were affirmed on appeal.[3] Appellant filed the instant PCRA petition, his fourth, on August 12, 2013. He asserted that the prosecutor in his case, Roger King, Esquire (Attorney King), "fraudulently" charged Appellant with corrupt organizations, because the offense was never presented to the jury in the GJ presentment.[4] The PCRA court appointed counsel, who filed an amended PCRA petition. Thereafter, as counsel became

---

[3] *See Commonwealth v. Wells*, 953 A.2d 842 (Pa. Super. 2008) (unpublished memorandum) ("*Wells III*"); *Commonwealth v. Wells*, 804 A.2d 63 (Pa. Super. 2002) (unpublished memorandum) ("*Wells II*"), *appeal denied*, 813 A.2d 841 (Pa. 2002); *Commonwealth v. Wells*, 737 A.2d 813 (Pa. Super. 1999) (unpublished memorandum).

[4] Appellant raised substantially similar claims in each of his prior PCRA petitions. Additionally, Appellant has engaged in substantial litigation in the federal courts concerning this claim.

unavailable, the court appointed successive substitute counsel, two of whom filed supplemental PCRA petitions.

The PCRA court described the ensuing procedural history:

On November 8, 2018, [Appellant's PCRA counsel] filed a motion for production of [Appellant's] grand jury file. Thereafter, the [PCRA] court conducted an *in camera* review of the grand jury file. The notes of testimony from the grand jury proceedings revealed that on July 17, 1985, [**Attorney**] **King did**, in fact, **present the charge of corrupt organizations to the grand jury**. In the presentment, [Attorney] King states the following: "I will ask you to consider recommending a presentment as it relates to the count of corrupt organization …." [N.T.,] 7/17/1985[,] at 2. [Attorney] King then reviewed the presentment with the grand jury. The presentment states in relevant part the following:

Having read the foregoing testimony, we have concluded that a corrupt organization known as "The Family" constituted an enterprise, that is, a group of individuals who were associated in fact, although not a legal entity, and who were engaged in commerce. The purpose of the enterprise was to control the distribution of cocaine and to make money from the illegal sales of the cocaine. The profits from the enterprise were secured and protected through the use of a series of violent physical actions. These actions constituted a pattern of racketeering activity. The shooting [and murder of certain individuals] …, all in violation of 18 [Pa.C.]S.A. [§] 2501 *et seq.*, and the beating of [another man,] in violation of 18 [Pa.C.]S.A. [§] 2706, were all racketeering activities in furtherance of the enterprise's affairs. Therefore, we recommend that the principal actors in this corrupt organization, [including Appellant,] be charged with the violation of 18 [Pa.C.]S.A. [§] 911.

[N.T.], 7/17/1985[,] at 45-46. After [Attorney] King read the presentment to the grand jury, the grand jury took it under consideration. Then[, Attorney] King asked "Mr. Foreperson, has a vote been taken?" [***Id.***] at 47. The Foreperson responded and stated, "[a] vote has been taken, fourteen for, one against in this matter on all charges involving all persons." ***Id.*** The Foreperson

- 3 -

and [Attorney] King then went to see the supervising judge of the grand jury…. The following exchange then took place:

> **The Court**: I have read the presentment and I will sign it. What was the vote?
>
> **The Foreperson**: Fourteen for, one against. We have a quorum of fifteen grand jurors.
>
> **The Court**: All right. The foreperson will sign the presentment right here.

[***Id.***] at 47-48.

On January 25, 2019, the [PCRA c]ourt permitted both the attorney for the Commonwealth and PCRA counsel to inspect the relevant pages from the grand jury notes of testimony *in camera*, and read into the record the above-quoted testimony from the grand jury notes. That same day, the court issued [Appellant] notice, pursuant to Pa.R.Crim.P. 907 [(setting forth conditions whereby a PCRA petition may be dismissed without a hearing),] ("907 Notice") of its intention to dismiss [Appellant's] petition without a hearing. [Appellant] submitted a response to the court's 907 Notice [] on February 5, 2019. On March 15, 2019, Edward J. Foster, Esquire entered his appearance on behalf of [Appellant]. On July 23, 2019, the court dismissed [Appellant's] petition on the grounds that it was untimely filed, and, in any event, without merit. Thereafter, [Appellant] filed a motion to proceed *pro se*, which the court granted.

PCRA Court Opinion, 10/22/19, at 3-5 (footnote, capitalization, and some citations omitted). Appellant timely filed a *pro se* notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant presents four issues in his voluminous, 80-page brief:[5]

1. Whether the PCRA court's Rule 907 dismissal of this petition as untimely and not qualified under the exceptions of 42 Pa.C.S. § 9545(b)(1)(i) [and] (ii) is supported by the evidence of record and free of legal error?

2. Whether the PCRA court's Rule 907 dismissal of this petition as untimely and not qualified under the exceptions of 42 Pa.C.S. § 9545(b)(1)(i) [and] (ii) without an evidentiary hearing was an abuse of discretion?

3. Whether the PCRA court's Rule 907 dismissal of this petition as without merit, without an evidentiary hearing[,] is supported by the evidence and free of legal error?

4. Whether [Appellant's] PCRA counsel were ineffective and violated [Appellant's] Sixth Amendment right to counsel?

Appellant's Brief at 3-4 (some capitalization omitted).

We are mindful of our standard of review:

Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Maxwell**, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*)

(citations omitted).

_____

[5] Appellant certifies that his brief is 87 words short of the maximum word count prescribed by Pa.R.A.P. 2135(a)(1) (principal briefs shall not exceed 14,000 words); **but see also Commonwealth v. Uderra**, 862 A.2d 74, 99 (Pa. 2004) (Castille, J., concurring) (disapproving of prolix briefs and PCRA claims lacking in substance).

Additionally, a PCRA court may decline to hold a hearing on a PCRA petition if the petitioner's claim is patently frivolous and without a trace of support in either the record or from other evidence. *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007). Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. *Id.*

Here, Appellant's PCRA petition is facially untimely, as he filed it more than 22 years after January 1991, when his judgment of sentence became final. However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (collectively, the "timeliness exceptions"). Any PCRA petition invoking one of the timeliness exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* § 9545(b)(2).[6]

Initially, we must address whether Appellant's claims are cognizable under the PCRA. To be eligible for PCRA relief, a petitioner's allegation of error

---

[6] Section 9545(b)(2) was amended in 2018, and expanded the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on or after December 24, 2017. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. In this case, the one-year time limit does not apply to Appellant because he filed his petition in August 2013.

- 6 -

must not have previously been litigated. *Id.* § 9543(a)(3). An issue is previously litigated, in relevant part, if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." *Id.* § 9544(a)(3). Moreover, a petitioner cannot obtain PCRA review of previously litigated claims by presenting the same claims in a new petition setting forth new theories of relief. *Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa. Super. 2000); *see also Commonwealth v. Fuller*, 509 A.2d 364, 366 (Pa. Super. 1986) ("rephrased" claims presented in a PCRA petition that have previously been rejected on appeal are not cognizable).

Here, Appellant raised essentially identical claims in his second and third PCRA petitions, which were rejected by the PCRA court and affirmed on appeal. *See Wells II*, *supra* (unpublished memorandum at 5-6) (rejecting as previously litigated, Appellant's claim of "newly-discovered facts" concerning the Commonwealth not charging Appellant with corrupt organizations); *Wells III*, *supra* (unpublished memorandum at 5-6) (same).

Nevertheless, even if Appellant's claims were cognizable, we would determine they lack merit. Appellant contends he met the timeliness exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i) (governmental interference with the presentation of claims) and (b)(1)(ii) (newly-discovered facts). We will address these exceptions, and Appellant's first three issues together, since they are related.

Appellant argues that he has uncovered new facts to support his claim that Attorney King fraudulently prosecuted him on the corrupt organizations charge, where the Commonwealth never actually charged Appellant with that offense. *See* Appellant's Brief at 40-64. Appellant contends the corrupt organizations charge "appears to have been a tool for prosecutorial misconduct to obtain a murder conviction and seek the death penalty in the face of blatantly insufficient evidence." *Id.* at 64. Appellant further argues he met the requirements of the governmental interference exception, where "the Commonwealth controlled and suppressed the information in the grand jury file, interfering with [Appellant's] ability to proceed to challenge the constitutionality of his [corrupt organizations] conviction." *Id.* at 53.

First, concerning Appellant's invocation of the newly-discovered facts exception, we are mindful that:

> Section 9545(b)(1)(ii) requires [a] petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of "due diligence." The focus of [section] 9545(b)(1)(ii) is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Maxwell*, 232 A.3d at 745 (footnotes, citations, brackets, and quotation marks omitted).

In support of its determination that Appellant failed to meet the newly-discovered facts exception, the PCRA court reasoned:

- 8 -

Here, [Appellant] claims that ADA King committed a fraud on the court by not presenting the corrupt organizations charge to the grand jury.[FN] [Appellant] presents several documents from various agencies, in which representatives of the agencies submitted affidavits regarding their efforts to locate records, such as an affidavit of probable cause or arrest warrant, related to [Appellant's] case. [Appellant] avers that these records are probative of the alleged fraud committed by ADA King. Each document will be discussed below.

[FN] The Court recognizes the apparent anomaly in addressing the timeliness issue when it is now absolutely clear, from the grand jury notes, that the factual predicate of all of [Appellant's] claims is false, since ADA King did submit the corrupt organization charge to the grand jury. Still, the PCRA court is obligated to explore the timeliness issue in every case, since the court is without jurisdiction to reach the merits of an untimely petition.

First, [Appellant] made a request to the Office of Open Records for the City of Philadelphia Law Department to search for records. *See* Supplemental Petition, filed 6/4/2018, at p. 24. On July 1, 2013, Lieutenant Edward Eg[]enlauf, an Open Records Officer for the City of Philadelphia Police Department, sent [Appellant] an affidavit, in which he stated that he had "searched the records of the City of Philadelphia Police Department to the best of [his] ability for records regarding 'affidavit of probable cause/arrest warrant to attached) criminal complaint, criminal case, no. ep-51-CR-0734932-1985, *Commonwealth v. Wells*, or any documents related to the arrest of this charge on July 17, 1985' (collectively, 'Requested Records')." Affidavit of Lt. Edward Egenlauf, Philadelphia Police Department ("Egenlauf Affidavit") at ¶ 1; *see* Supplemental Petition, filed 6/4/2018, at p. 24 & Exhibit A. The affidavit also stated that "[t]he Requested Records do not exist to the best of [Lieutenant Egenlauf's] knowledge, information and belief" Egenlauf Affidavit at ¶ 2. In addition, Lieutenant Egenlauf averred that "[i]t is understood that this does not mean that the records do not exist under another spelling, another name, or under another classification." Egenlauf Affidavit at ¶ 3.

Next, [Appellant] requested that a search be conducted of the records department at the Criminal Justice Center.

Supplemental Petition, filed 6/4/2018, at p. 24. On July 8, 2013, Janine Vinci, Esquire sent an affidavit to [Appellant], in which she stated the following:

1. I assert that from June through July of 2013, I have searched for the "affidavit of probable cause/arrest warrant" regarding the criminal complaint case of **Commonwealth vs. Wells**, No.CP-51-CR-0734932-1985.

2. I requested these records from the record department at CJC-Criminal Justice Center and also searched the micro-film records.

3. Through my exhausted search of these records, I found that these records do not exist to the best of my legal knowledge and research.

Affidavit/Declaration of Janine E. Vinci Pursuant to 18, Pa.C.S. [§] 4904 at ¶¶ 1-3; **see** Supplemental Petition, filed 6/4/2018, at p. 24 & Exhibit B.

Third, [Appellant] presents the final determination of the Pennsylvania Office of Open Records, in which the Office stated that it does not possess the records sought by [Appellant]. Pennsylvania Office of Open Records, Final Determination, 7/19/2013, at pp. 1-2; **see** Supplemental Petition, filed 6/4/2018, at p. 24 & Exhibit C.

Finally, [Appellant] presents an affidavit from his father, Walter Wells, which details his unsuccessful efforts from mid-June 2013 until the date of the affidavit, July 11, 2013, to obtain certain records, such as an affidavit of probable cause or arrest warrant, related to [Appellant's] case, from the Criminal Justice Center Records Department. Affidavit of Walter Wells, 7/11/2013, at ¶ 3; **see** Supplemental Petition, filed 6/4/2018, at p. 24 & Exhibit D. He also stated that he made unsuccessful efforts to obtain said records from "The Clerk of Court, Police Administration Building, City Hall Records Department" and the District Attorney's Office. **Id.** at 2.

None of [Appellant's] submissions reveal relevant "new facts." The documents described above do not establish that the Commonwealth failed to present the charge for corrupt

organizations to the grand jury. They simply convey that the agencies and individuals who corresponded with [Appellant] did not have possession of the requested records and/or did not have the legal authority to access these records. Moreover, even if the records did exist, they would not support [Appellant's] claim. Accordingly, [Appellant's] averments do not establish the newly discovered facts exception to the time bar.

PCRA Court Opinion, 10/22/19, at 9-11 (footnote in original). Our review discloses that the foregoing analysis is supported by the record, and we agree with the PCRA court's determination.

Further, to the extent Appellant invokes the governmental interference exception, *see* Appellant's Brief at 51-55, he likewise fails to meet the requirements of the exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(i) (requiring a petitioner to plead and prove that the failure to previously raise claims of error was the result of interference by governmental officials, and that the information could not have been obtained earlier with the exercise of due diligence). As the evidence of record reflects, there was no government interference in Appellant's case; there was no fraud or procedural impropriety with the corrupt organizations charge. Moreover, it is clear that Appellant knew of the alleged interference for **many years** before the expiration of the period in which he had to raise his claim. *See id.* § 9545(b)(2) (claims must be raised within 60 days); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i). Accordingly, Appellant's first three issues fail.

In his fourth and final issue, Appellant contends he is entitled to collateral relief because his PCRA counsel were constitutionally ineffective for:

(a) requesting an *in camera* review of the GJ presentment, which is merely "advisory in nature"; and (b) acceding to the PCRA court's rejection of Appellant's claim. Appellant's Brief at 65, 68.

It is well settled that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits. ***See Commonwealth v. Mitchell***, 141 A.3d 1277, 1285 (Pa. 2016); ***Commonwealth v. Lark***, 746 A.2d 585, 589-90 (Pa. 2000) (couching an argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time bar). Accordingly, Appellant's ineffectiveness claim is unavailing. ***Id.***

However, even if we could address the merits of Appellant's claim, it lacks arguable merit as explained by the PCRA court:

> The entire premise of all of [Appellant's] claims for the last 25 years is that the corrupt organizations charge was never presented to the grand jury. [Appellant] and [PCRA] counsel were absolutely confident, albeit wrong, that the grand jury notes would support their position and show that [Attorney] King committed an outrageous fraud on the court.[7] Because an *in camera* review of the grand jury file was the only way to resolve [Appellant's] claim, [PCRA counsel] unquestionably made a reasonable request for the review.

---

[7] We note that the sentencing court imposed **no sentence** on the corrupt organizations conviction. Nevertheless, Appellant, who is serving life in prison for his murder conviction, has engaged in a tireless, decades-long attack on his corrupt organizations conviction. Appellant continues to consume judicial resources in re-litigating this frivolous claim. ***See***, ***e.g.***, ***Commonwealth v. Hoskins***, 432 A.2d 149, 156 (Pa. 1981) (Roberts, J., dissenting) (disapproving of actions that place "needless strain on already scarce professional and judicial resources").

PCRA Court Opinion, 10/22/19, at 14 (footnote added). Appellant's final issue fails.

Accordingly, because Appellant's fourth PCRA petition is untimely and no exceptions apply, we affirm the order dismissing the petition.

Order affirmed. Application for extension of time to file reply brief denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2020

- 13 -