J-S40020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN N. FREEMORE | : | |
| | : | |
| Appellant | : | No. 2465 EDA 2021 |

Appeal from the PCRA Order Entered November 10, 2021
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0000258-2009


BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:               **FILED FEBRUARY 28, 2023**

Appellant, Shawn N. Freemore, appeals *pro se* from the November 10, 2021 order of the Court of Common Pleas of Monroe County denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts underlying Appellant's convictions are unnecessary to the disposition of his claims herein.  Briefly, in September of 2011, Appellant and a co-defendant, Ian Seagraves, were tried before a jury for crimes related to the murder of Michael Goucher.  On September 21, 2011, Appellant was convicted of first-degree murder, conspiracy to commit murder, and tampering with or fabricating evidence.  On December 12, 2011, Appellant was sentenced to a term of life imprisonment without the possibility of parole for first-degree murder, and a consecutive, aggregate term of 8½ to 20 years' imprisonment for his other two offenses.  He filed a timely notice of appeal,

and after this Court affirmed his judgment of sentence, our Supreme Court denied his subsequent petition for allowance of appeal. ***Commonwealth v. Freemore***, No. 1710 EDA 2013 (Pa. Super. July 23, 2013) (unpublished memorandum), *appeal denied*, 99 A.3d 76 (Pa. 2014).

Appellant timely filed his first *pro se* PCRA petition on April 22, 2015; the PCRA court appointed counsel and later denied relief on September 11, 2015. This Court affirmed on August 3, 2016, and our Supreme Court denied allowance of appeal on February 15, 2017. ***See Commonwealth v. Freemore***, No. 3107 EDA 2015 (Pa. Super. August 3, 2016) (unpublished memorandum), *appeal denied*, 166 A.3d 1226 (Pa. 2017).

Appellant filed his second *pro se* PCRA petition on August 25, 2017. The PCRA court dismissed Appellant's petition on October 13, 2017. Appellant appealed; we affirmed on August 3, 2018, and our Supreme Court denied allowance of appeal on April 30, 2019. ***See Commonwealth v. Freemore***, No. 3611 EDA 2017 (Pa. Super. filed August 3, 2018) (unpublished memorandum), *appeal denied*, 207 A.3d 910 (Pa. 2019).

On August 28, 2020, Appellant filed a motion seeking post-conviction DNA testing. Specifically, Appellant sought DNA testing of the two notebooks that contained accounts of the murder, which police discovered in Appellant's vehicle. On November 9, 2020, the PCRA court denied the testing. This Court affirmed on July 9, 2021. ***See Commonwealth v. Freemore***, No. 115 EDA 2021 (Pa. Super. July 9, 2021) (unpublished memorandum), *reargument denied*, September 16, 2021.

Appellant filed his third PCRA petition, the current *pro se* PCRA petition, on July 16, 2021, which the PCRA court denied on November 10, 2021. This appeal followed.

When reviewing the propriety of an order pertaining to PCRA relief,

we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[1] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the

_____

[1] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1), and (2) files a petition raising this exception within one year of the date the claim could have been presented, *see* 42 Pa.C.S.A. § 9545(b)(2).

Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year. The amendment applies only to claims arising on or after December 24, 2018. The claims at issue here pertain to events arising prior to December 24, 2018. Thus, for purposes of the instant matter, the older version of Section 9545(b)(2) (*i.e.*, 60 days) is applicable here.

petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. (Frank) Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. **Id.**

The instant PCRA petition is facially untimely.[2] Appellant argues, however, that he meets the governmental interference timeliness exception, as set forth in 42 Pa.C.S.A. § 9545(b)(1)(i).[3] We disagree.

_____

[2] The judgment of sentence became final on December 1, 2014, upon expiration of the time to file a petition for writ of certiorari in the United States Supreme Court. **See** U.S. Sup. Ct. R. 13. Appellant had one year from December 1, 2014, to file a timely PCRA petition. Accordingly, the instant *pro se* PCRA petition, which was filed on July 16, 2021, is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

[3] Section 9545(b)(1) reads:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

*(Footnote Continued Next Page)*

In his most recent reiteration, Appellant seems to argue that the Commonwealth, the trial court, the PCRA court, and the Superior Court all interfered with the administration of justice by allowing into evidence some notebooks that were taken from his vehicle. Appellate argument is fundamentally flawed.

"The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that 'the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]'" *Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018). This exception requires a petitioner to "show that but for the interference of a government actor 'he could not have filed his claim earlier.'" *Id*.

Appellant, here, provides no facts that would remotely support a finding of governmental interference. Simply because Appellant's repeated attempts to challenge the admission of evidence were unsuccessful does not mean that the courts that denied him relief are in some sort of conspiracy to prevent him from challenging the admission of the evidence. If anything, the procedural history of Appellant's appeals irrefutably shows that no one prevented him

---

Commonwealth or the Constitution or laws of the United States[.]

42 Pa.C.S.A. § 9545(b)(1).

from challenging this evidence. The governmental interference claim is therefore meritless on its face.

Even if we were to conclude that the admission of the challenged evidence constitutes governmental interference (as noted above, it does not), Appellant failed to present the claim within 60 days of the date the claim could have been presented. Indeed, the information about the notebooks was available to Appellant from the time of the trial (September 2011), or even earlier. As noted, the underlying PCRA petition was filed in 2021, which is well-beyond the time limitation set forth in Section 9545(b)(2).[4] The instant petition is, therefore, untimely.

Moreover, the underlying petition does not raise issues cognizable under the PCRA.

Appellant fails to discuss any authority that would allow this Court or the PCRA court to review questions of admissibility of evidence at this stage. Indeed, those issues are not reviewable under the PCRA. *See*, *e.g.*, ***Commonwealth v. Abney***, 2021 WL 4077320, at *5 (Pa. Super. September 8, 2021) ("These claims [admission of evidence in violation of the Sixth Amendment Confrontation Clause and Due Process provisions of the United States Constitution] are not cognizable under the PCRA[.]").

---

[4] Even if we were to apply the one-year rule, the instant petition would be untimely filed, because it was filed well beyond the one-year restriction.

Even assuming that the claim is cognizable under the PCRA, Appellant fails to explain why the issue is not otherwise waived under Section 9544(b). Indeed, Appellant could have raised the notebooks issue in his first, timely PCRA petition. However, he did not do so. 42 Pa.C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Finally, to the extent that Appellant challenges the admission of the evidence under new theories, the challenge does not fare any better. "A petitioner is not entitled to relitigate a claim every time he offers a new theory or argument which he had not previously advanced." *Commonwealth v. Tenner*, 547 A.2d 1194, 1197 (Pa. Super. 1988), *appeal denied*, 562 A.2d 826 (Pa. 1989); *see also Commonwealth v. Fuller*, 509 A.2d 364, 366 (Pa. Super. 1986).

For the foregoing reasons, we affirm the order of the PCRA court dismissing Appellant's current PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023

- 7 -