J-S01041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CURTIS D MAHAFFEY | : | |
| | : | |
| Appellant | : | No. 960 WDA 2025 |

Appeal from the PCRA Order Entered July 14, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004685-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CURTIS MAHAFFEY | : | |
| | : | |
| Appellant | : | No. 1340 WDA 2025 |

Appeal from the PCRA Order Entered July 14, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0017548-2002

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: February 18, 2026**

Appellant, Curtis D. Mahaffey, appeals from the order entered in the Court of Common Pleas of Allegheny County dismissing as untimely his sixth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-46.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

We addressed the underlying factual and procedural history of this case in our prior decision affirming the PCRA court's order denying relief on Appellant's fifth PCRA petition:

Briefly, following a jury trial [commencing on November 13, 2003], Appellant was convicted of first-degree murder and conspiracy. On November 20, 2003, the trial court sentenced Appellant to a mandatory term of life imprisonment. On direct appeal we affirmed the judgment of sentence. **See Commonwealth v. Mahaffey**, No. 2279 WDA 2003 (Pa. Super. filed July 20, 2005). Our Supreme Court denied Appellant's petition for leave to file a petition for allowance of appeal *nunc pro tunc* on October 6, 2005. **See Commonwealth v. Mahaffey**, 68 WM 2005 (Pa. 2005).[2]

From 2006 through 2019, Appellant filed several PCRA petitions, none of which were successful. On September 21, 2021, Appellant filed [his fifth PCRA] petition (which, as noted above, Appellant identified as a "Petition for Subpoena of an Official's Misconduct Records/Reports"). In his petition, Appellant challenged the sufficiency of the affidavit of probable cause for Appellant's arrest and the truthfulness of Detective Logan, the affiant. On October 7, 2021, the PCRA court dismissed the petition as an untimely PCRA petition.

**Commonwealth v. Mahaffey**, 304 A.3d 740 (Pa. Super. 2023) (bracketed language added).

On January 8, 2025, Appellant filed the present PCRA petition, his sixth, raising claims of ineffective assistance of trial counsel, newly-discovered facts, and governmental interference, all stemming from his assertion that one Stephen Montgomery, a fellow inmate, informed him that a former Allegheny County assistant district attorney and now sitting court of common pleas judge had been investigated and disciplined for knowingly suppressing the investigative work and testimony of Allegheny County Detective Dennis

Logan,[1] who conducted the post-arrest interrogation of Appellant and testified at Appellant's criminal trial that Appellant confessed to committing the crimes with which he was charged. By order dated July 14, 2025, the PCRA court dismissed this sixth petition as untimely and presenting no recognized exception to the statutory time bar, *see infra*. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Did the PCRA court err or abuse its discretion in denying post-conviction relief on this claim of whether Appellant is entitled to a new trial in this matter based on previously unavailable and exculpatory information material, namely an affidavit from Stephen Montgomery, which must be accepted as true for purposes of ruling on the PCRA court's Order dismissing Appellant's PCRA Petition without a hearing, whereas Montgomery informed Appellant that [a former Allegheny County ADA] had been investigated and disciplined by the Pennsylvania Judicial Conduct Board for the knowing use of malfeasance in connection with his office's investigation of criminal cases handled by Police Detective Dennis Logan, who

---

[1] As this Court summarized in another appeal:

In March 2000, a lawsuit was filed against Detective Logan alleging that during an interrogation, he violated the constitutional rights of a homicide suspect. The plaintiff referenced a 1999 document from the Department of Public Safety, Office of Municipal Investigations which listed three complaints against Detective Logan, and alleged that Detective Logan engaged in coercive interrogation techniques against him. A federal jury awarded the plaintiff $25,000 in damages in June 2002. A new trial was subsequently granted, and after a settlement conference, the parties entered into a stipulation dismissing the case with prejudice in November 2002.

*Commonwealth v. Boyer*, 323 A.3d 182, 2024 WL 2815035, at *2 (Pa. Super. 2024) (non-precedential decision) (cleaned up).

was an "arm of the prosecutor" or member of the "prosecution team," and was the investigating officer on Appellant's case, and failing to rule on whether Appellant established exceptions to the PCRA's one-year time bar for governmental interference and/or newly-discovered fact: PCRA court committed additional err [sic] by failing to determine whether [the Allegheny County ADA] had an affirmative duty to disclose impeachment evidence, coupled with a duty to disclose, which constituted a ***Brady*** violation?

2. Did the PCRA court err or abuse its discretion in denying post-conviction relief on the claim of whether Appellant is entitled to a new trial in this matter based on trial counsel's ineffectiveness for failing to investigate the Commonwealth's key witness against Petitioner, Police Detective Dennis Logan, who proffered evidence Petitioner verbally admitted in the crime alleged?

3. Did the PCRA court err or abuse its discretion in denying post-conviction relief on Appellant's Memorandum of Law in Support of PCRA Petition and Petitioner's Amended Memorandum of Law in Support of PCRA Petition and Petitioner's Motion to Vacate its Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, for this PCRA Court's mistaken findings of fact in its June 17, 2025, Notice of Intention to Dismiss pursuant to Pa.R.Crim.P. that "Although these pleadings reference a January 8, 2025, PCRA Petition, the dockets do not contain such an entry."?

Brief of Appellant at 4.

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we

- 4 -

afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. **See** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

As addressed above, Appellant's judgment of sentence became final on or about August 19, 2005, after this Court affirmed judgment of sentence on July 20, 2005, and the 30-day period to file a timely petition for allowance of appeal with the Pennsylvania Supreme Court expired. **See** Pa.R.A.P. 1113 (stating: "Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed"); **Commonwealth v. Hutchins**, 760 A.2d 50 (Pa. Super. 2000) (holding date that Supreme Court denies untimely petition for allowance of appeal does not alter date judgment of sentence becomes

final for purposes of time restrictions of PCRA).  Therefore, Appellant had until Monday, August 21, 2006, to file a facially timely PCRA petition.  Appellant filed his current serial PCRA petition on June 2, 2025, making it facially untimely by nearly two decades.

Pennsylvania courts may consider an untimely petition, however, if the petitioner explicitly pleads and proves one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).  Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*.  Any petition invoking one of these exceptions must be filed within one year of the date the claim could have been presented. *Id.* at § 9545(b)(2).[2] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

---

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented.  *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.  The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

Appellant acknowledges the untimeliness of his present petition and, therefore, invokes Subsection 9545(b)(1)(i) and (ii) in claiming that he qualifies under both the governmental interference and the newly discovered fact exceptions of the PCRA as bases for obtaining this court's jurisdiction over his patently untimely serial petition. As noted in our 2023 decision affirming the PCRA court's order denying relief on Appellant's fifth petition, Appellant had sought reversal of his conviction by asserting both an ineffective assistance of trial counsel claim and a *Brady* claim based on the underlying assertion that the Philadelphia Police Department Detective Dennis Logan, who testified at his criminal trial that he took Appellant's confession to murder and conspiracy to commit murder in connection with the shooting death of Lanel Buckner, had a history of testifying untruthfully against criminal defendants that remained undisclosed at his criminal trial. We deemed Appellant's fifth petition untimely and determined that his claims failed to satisfy the newly discovered fact exception to the PCRA time bar.

Specifically, we reasoned:

> Appellant apparently attempts to invoke the newly discovered fact exception,[fn] *see* Petition for Subpoena of an Official's Misconduct Records/Reports, 9/21/21, at 2. Indeed, he alleges that the discovery of Detective Logan's history of untruthfulness, constituted "newly discovered evidence," which he intends to use to "impeach the credibility of Detective Logan's truthfulness." *Id*. Appellant, however, does not explain when he first became aware of the allegations he makes in his current petition. Additionally, he does not explain why he could not have discovered those facts in a timely manner nor the efforts he put forward to discover those facts.[fn]

- 7 -

Thus, given that the instant petition is facially untimely, and given that Appellant failed to prove the applicability of the "newly discovered facts" exception, we conclude we have no jurisdiction to entertain the instant petition. The record supports the PCRA court's determinations, and we agree with counsel that Appellant's claims lack merit. Moreover, having conducted an independent review of the record in light of the PCRA petition, as well as the contents of counsel's petition to withdraw and brief, we agree that the PCRA petition is meritless and that counsel is entitled to withdraw.

*Commonwealth v. Mahaffey*, 304 A.3d 740 (Pa. Super. 2023).[3]

Appellant's present PCRA petition, his sixth, attempts to relitigate his previously rejected "newly discovered fact" and "government interference/*Brady*" claims premised on Detective Logan's coercive

---

[3] In deeming meritless Appellant's argument that Detective Logan lied in Appellant's affidavit of probable cause supporting his arrest, this Court, in Appellant's previous PCRA appeal, observed that the same underlying issue was raised and disposed of on the merits on direct appeal, where Appellant unsuccessfully argued that the affidavit of probable cause was premised on false information provided by a witness. *Mahaffey*, 304 A.3d 740 at fn.9. We continued:

> In the instant petition, Appellant argues that the affidavit of probable cause was premised on Detective Logan's untruthfulness about Appellant's statements made to Detective Logan during the interview. We see two additional problems with the current petition. First, "[a] petitioner is not entitled to relitigate a claim every time he offers a new theory or argument which he had not previously advanced." *Commonwealth v. Tenner*, 547 A.2d 1194, 1197 (Pa. Super. 1988), *appeal denied*, 562 A.2d 826 (Pa. 1989); *see also Commonwealth v. Fuller*, 509 A.2d 364, 366 (Pa. Super. 1986). Second, Detective Logan's alleged untruthfulness about what Appellant stated at the time of Appellant's interview was known to Appellant since before the trial; yet he, inexplicably, decided to raise it only now.

*Mahaffey*, 304 A.3d 740 at **3, fn. 9.

interrogation techniques by couching them within a layered claim declaring that the former Allegheny County assistant district attorney who prosecuted his case was investigated and disciplined for knowingly suppressing the detective's malfeasance. Appellant seeks vacation of his judgment of sentence by now asserting, first, that the prosecutor at his trial knew about the 1999 Department of Public Safety, Office of Municipal Investigations ("OMI") report listing three complaints against Detective Logan and corroborating the record of his misconduct but did not disclose it to the defense, and, second, that his trial counsel was ineffective for not discovering this report. [4]

At the outset of our review, we observe Appellant fails to prove that either time bar exception applies to his case. Specifically, he has not explained why the exercise of due diligence in the wake of his own alleged experiences with Detective Logan's coercive interrogation methods would not have enabled him to discover either before his trial or during the more than two decades following his trial the publicized 1999 OMI report or the newspaper articles and media accounts from the early 2000s covering the federal civil lawsuits against Detective Logan emanating from other similar complaints against him.

_____

[4] As this Court observed in its decision affirming the order denying relief in Appellant's fifth PCRA petition, we apply the settled principle that "a PCRA petitioner cannot obtain review of claims that were previously litigated by presenting new theories of relief, including allegations of ineffectiveness, to relitigate previously litigated claims." *See Commonwealth v. Patterson*, (non-precedential decision) 317 A.3d 568 (Pa. Super. filed March 5, 2024) *quoting Commonwealth v. Bond*, 819 A.2d 33, 39 (Pa. 2002).

We are cognizant of the Pennsylvania Supreme Court's recent decision in *Commonwealth v. Blakeney*, 346 A.3d 318 (Pa. filed November 5, 2025), in which the Court addressed a PCRA petitioner's issue asking whether the PCRA court erroneously dismissed his patently untimely petition by "ignor[ing] his uncontradicted allegations regarding his knowledge and diligence and instead dismiss[ing] his PCRA petition as untimely on the basis of the now repudiated public record presumption, *see Commonwealth v. Small*, [662 Pa. 309], 238 A.3d 1267, 1286 (Pa. 2020)?" *Blakeney*, at 322. The Court observed that Appellant Blakeney's petition advanced a newly-discovered fact exception, pursuant to subsection (b)(1)(ii), which "requires only that Blakeney plead and prove that facts relevant to his claim were unknown to him and could not have been discovered earlier through the exercise of due diligence." *Id.* at 323.

The due diligence requirement to the exception, however, does not apply a presumption that petitioners will have known of the asserted facts underlying the petition when those facts first appeared in the public record. Instead, the requirement "calls for a circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large[,]" as described below:

> The statute itself contains no exception, express or constructive, regarding information that is of public record." [*Small*, 238 A.3d at 1281] (citation, internal quotation marks, and emphasis omitted). Thus, "the newly discovered fact exception does not call for **any** assessment of whether the asserted facts appear in the public record." *Id.* at 1283 (emphasis added). Instead, it "calls for a circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large." *Id*. As such, "[i]n any

circumstance in which a PCRA petitioner can establish the facial requirements of the newly discovered fact exception, but the court rejects the claim merely due to the earlier public availability of the information, the court is overriding the language of the PCRA." *Id*. at 1284.

***Blakeney***, 346 A.3d 318, 323 (emphasis in original).

Guided by its review of both the relevant statute and ***Small***, the ***Blakeney*** Court reiterated that "the PCRA court cannot presume that Blakeney knew of the pending charges [of attempted murder and related offenses against Juror 7's nephew at the time of *voir dire*][5] merely because they were published in a newspaper [prior to trial]." ***Id.*** at 323. It continued,

> Moreover, even if we assume that Blakeney was aware of the charges, there is nothing in the record at this point [*i.e.*, the time of trial] to support a finding that Blakeney was aware that Juror #7 was related to the person identified in the newspaper article. As this is a necessary fact underpinning Blakeney's claim that Juror #7 answered the *voir dire* question(s) untruthfully, we cannot conclude as a matter of law that Blakeney knew of the facts upon which his claim for relief relied.

**Id.**

Nor did the Court accept the PCRA court's conclusion that Petitioner Blakeney had failed to establish requisite due diligence in discovering the facts underpinning this claim. The Commonwealth argued that the appearance of the juror's questionnaire put Blakeney on notice that he should further investigate this juror. The *voir dire* record showed, however, that the juror

---

[5] Juror 7's *voir dire* written questionnaire contained a "no" answer alongside a scribbled out "yes" answer to a question asking, "have you or a family member been charged with a crime." ***Blakeney***, at 322.

orally affirmed before the trial court that he intended to answer "no." *Id.* at 324. The Court thus concluded,

> Blakeney was entitled to accept Juror #7's written response at face value when preparing for an imminent capital trial. Further, Blakeney was not required to research the extended family of Juror #7 to discover whether the juror answered the written question honestly. Holding Blakeney, or any counsel, to a higher standard would be expecting perfect vigilance, not reasonable effort. *See [Commonwealth v.] Cox*, 146 A.3d [221,] 230 [Pa. 2016)].

*Id*.

Viewing the record before us with the benefit of *Blakeney*, we discern that a circumstance dependent analysis shows that the facts here are distinguishable from those in *Blakeney*, as Appellant's alleged personal experience with Detective Logan's coercive interrogation techniques, which he maintains compelled him to make a false stationhouse confession and sign a written statement to that effect, would have alerted him to the strong possibility that the detective employed such methods in many instances and would attract negative attention as a result.

Unlike in *Blakeney*, where the petitioner had no reason to suspect that a juror serving at his trial had failed to reveal their nephew had been charged with a crime similar to the charges against Blakeney, Appellant, assuming the accuracy of his claimed experience with Detective Logan, would have had good reason to investigate whether a record of Detective Logan's improper interrogation methods existed. Yet, he waited 20 years before undertaking such an inquiry, despite his own alleged experience, and in so waiting allowed

a discoverable record of Allegheny County civil actions and local news publications from several years before his criminal trial to sit unreviewed. This record supports the conclusion that Appellant has failed to carry his burden to plead and prove that he exercised due diligence in discovering the alleged facts that serve as the basis for the ineffective assistance of counsel claim, governmental interference/**Brady** claim, and newly-discovered fact claim that he raises in his current PCRA petition.

Our determination is consistent with a recent nonprecedential decision of this Court that we find persuasive. In **Commonwealth v. Frazier**, (non-precedential decision) No. 290 WDA 2025, 2026 WL 161665, (Pa. Super. filed Jan. 21, 2026)[6], a unanimous panel of this Court reviewed a collateral appeal taken from the order denying relief on a patently untimely, serial PCRA petition raising issues and arguments predicated on Detective Logan's conduct, and it declined to address the appeal on the merits because the petitioner failed to qualify for an exception to the statutory time-bar. The **Frazier** panel observed:

> Here, Appellant [Frazier] acknowledges that his [PCRA] petition, filed approximately twenty years after his sentence became final, was facially untimely. He invoked both subsections (i) and (ii) of § 9545(b)(1) as bases for the court's jurisdiction over his **Brady** claim. As our Supreme Court has explained:

---

[6] Pursuant to the Pennsylvania Rules of Appellate Procedure, we may cite nonprecedential memorandum decisions of this Court that were filed after May 1, 2019, for their "persuasive value." Pa.R.A.P. 126(b)(1)-(2).

- 13 -

> Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence.... [T]he exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the facts upon which such a claim is predicated must not have been known to [the] appellant, nor could they have been ascertained by due diligence.

*Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). Thus, neither exception could confer jurisdiction for the court to consider the merits of Appellant [Frazier's] *Brady* claim unless he pled and offered to prove that he exercised due diligence in discovering the alleged *Brady* material.

The PCRA court noted that the lawsuit against the detectives upon which Appellant [Frazier] premises his *Brady* claim was filed in 2000, which predates his trial, and concluded in 2002, which was before his judgment of sentence became final. Further, "[t]here were articles in the local newspapers about the lawsuit which mentioned both detectives by name[,]" such as the one from June 2002 that Appellant [Frazier] attached to the instant PCRA petition after his family located through a simple internet search. *See* PCRA Court Opinion, 4/1/25, at 2. Therefore, the PCRA court concluded that, "[i]f [Appellant Frazier] had exercised due diligence, as required by the exception, he would have unearthed details of the lawsuit at some point over the past more than twenty years." *Id*.

Applying the due diligence mandates discussed above, we discern no abuse of discretion or error of law in the PCRA court's finding that Appellant [Frazier] did not meet his burden. Indeed, in the *Pinson* memorandum he happened upon in prison, Appellant [Frazier] would have read that in pursuing relief based upon Detective Logan's alleged misconduct, Pinson relied on: (1) a June 2002 newspaper article about it in a PCRA petition that was the

- 14 -

subject of a 2009 appeal to this Court; and (2) later information he received about the civil rights case through an open records request upon which he premised a 2015 PCRA petition.

Plainly, the facts Appellant [Frazier] discovered were readily available through the exercise of due diligence many years before he filed his 2024 petition. Moreover, Appellant [Frazier] offered no explanation as to how the government interfered with his ability to bring the claim earlier. *Cf. Commonwealth v. Williams*, 168 A.3d 97, 106 (Pa. 2017) (holding the petitioner satisfied the governmental interference exception where due diligence would not have earlier uncovered *Brady* material included in the prosecution's files, but not provided to the defense before the 1986 trial, because the petitioner "had no access to the Commonwealth's files until [a witness] came forward in 2012 with his affidavits, which resulted in the discovery orders that finally revealed the Commonwealth's suppression of evidence").

Thus, Appellant[] [Frazier's] 2024 PCRA petition was untimely, and he failed to establish that a timeliness exception applied. Since the PCRA court lacked jurisdiction to entertain the merits of his *Brady* claim, it properly dismissed his petition.

*Frazier*, No. 290 WDA 2025, 2026 WL 161665, at *3–5.

Because the present facts and circumstances entirely align with those considered in *Frazier*, we find that decision persuasive and apply it to conclude Appellant did not act with due diligence commensurate with his alleged personal experience with and knowledge about Detective Logan's wrongful investigative and interrogation techniques. It was Appellant's burden to show that the facts consisting of public information of Detective Logan's coercive interrogation techniques underpinning the claims he now presents in his sixth PCRA petition could not have been ascertained earlier by the exercise of due diligence. Therefore, we affirm the order of the PCRA court dismissing Appellant's petition for reasons of untimeliness.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  2/18/2026